## BARLOW vs. LOWDER.

1. DAMAGES: *Presumed from violation of right.*
   Some damages are always presumed to follow from the violation of any right; and therefore the law will in such cases award nominal damages if none greater be proved.

2. SAME: *Exemplary.*
   In all cases of malicious injuries and trespasses accompanied with personal insult, or oppressive and cruel conduct, juries are told to give what are called exemplary damages, although the personal injury, measured by a pecuniary standard, may be but small.

3. SAME: *Prospective.*
   In all cases of serious personal injuries, the jury should take into consideration, in assessing the damages, the probable future injury that will result to the plaintiff from the act of violence perpetrated by the defendant, so as to embrace all the injurious consequences of the wrongful act, unknown as well as known, future as well as past.

4. SAME: *Proof of, to what confined.*
   In the proof of damages both parties must be confined to the principal transactions complained of and the attendant circumstances and natural results.

5. SAME: *Bodily suffering, an element of.*
   In trespass for personal injuries to the plaintiff, bodily suffering is an element of damages.

APPEAL from *Pope* Circuit Court.
Hon. W. W. MANSFIELD, Circuit Judge.
*Fletcher*, for appellant.

Barlow vs. Lowder.

ENGLISH, C. J.    This was an action of trespass *vi et armis*, brought in the circuit court of Pope county, by William R. Lowder against R. A. Barlow; the complaint alleging in substance, that on the eleventh day of November, 1877, the defendant unlawfully assaulted, beat, bruised and cut plaintiff with a stick and a knife, laying plaintiff's damages at $1,000.

The answer was treated as putting in issue the allegations of the complaint, and there was a trial by jury, and verdict and judgment in favor of plaintiff for $180 damages.

Defendant moved for a new trial, on the grounds that the verdict was not sustained by the evidence ; that it was contrary to the instructions of the court; and that the court erred in giving six instructions moved for plaintiff. The motion was overruled, and defendant took a bill of exceptions and appealed.

The court gave all the instructions asked for appellant; there was evidence to warrant a verdict upon the facts for appellee, the jury being the judges of the weight of evidence, and it was not made ground of the motion for a new trial that the damages awarded were excessive.

The first instruction given for appellee follows:

" If the jury find from the evidence that the defendant did unlawfully assault, strike, bruise or cut the plaintiff, with a stick or knife, or both, they will infer that the plaintiff was thereby damaged unless the defendant prove to the contrary."

It is doubtless true that some damages are always presumed to follow from the violation of any right, and therefore the law will in such cases award nominal damages, if none greater be proved.  (*2 Greenleaf Evidence, sec. 254.*) But we do not see why the above instruction should have

1 DAMAGES: Presumed from violations of right.

been deemed necessary or appropriate in this case, where there was evidence conducing to prove that appellee, from being struck on the head with a large stick and cut in the side with a knife by appellant, suffered pain, was disabled for several weeks, lost valuable time, etc.

Second instruction for appellee:

"If the jury believe from the evidence that there was malice existing on the part of the defendant towards the plaintiff which caused him to commit the assault upon the plaintiff, they will find for the plaintiff exemplary or vindictive damages."

2.————:
Exempla-
ry.

In actions of tort, the damages are left very much to the discretion and judgment of the jury; and in all cases of malicious injuries and trespasses accompanied by personal insult, or oppressive and cruel conduct, juries are told to give what are called exemplary damages, although the actual personal injury, measured by a pecuniary standard, may be but small. *Addison on Torts (3d ed., by Wolferstan), p. 992; Clark et al. v. Bales, 15 Ark., 452; Sedgwick on Damages (6th ed.), p. 554, etc.*

It would have been better, in view of the province of the jury, to use the words *may find,* instead of "*will find,*" as used in the instruction.

Third instruction for appellee:

"If the jury find for the plaintiff, it will be their duty to consider whether or not the plaintiff is likely to suffer in the future from the effects of the wound received at the hands of defendant, or Frank Woodworth; and if they find in the affirmative, it will be their duty to assess a sum equivalent to the injuries and suffering, as they find from the evidence, which he is likely to suffer in the future, for the plaintiff."

Barlow vs. Lowder.

In all cases of serious assault the jury should take into consideration, in assessing damages, the probable future injury that will result to the plaintiff from the act of violence perpetrated by the defendant; for the damages, when given, are taken to embrace all the injurious consequences of the wrongful act, unknown as well as known, which may arise thereafter, as well as those which have arisen, so that the right of action is satisfied by one recovery. *Addison on Torts (supra ed.), p. 586.*

3. ———: Prospective.

There was evidence conducing to prove that when appellant struck appellee with a large stick on the head, the latter clinched him and threw him to the ground, and as they went down, appellant cut appellee in the side with a knife, and called on his step-son, Frank Woodworth, to knock appellee off, and that Woodworth beat him with a stick.

The instruction was right upon the evidence.

Fourth instruction for appellee:

" In the consideration of this cause, all the evidence of aggravation which occurred for any time longer than a few days prior to the eleventh day of November, 1877, must be excluded by the jury; the jury can, and. must, consider only the evidence connected with the difficulty which occurred on November 11, 1877."

On the same subject, the court gave the following instruction for appellant:

" If the jury find, from the testimony, that the defendant had 'his stock abused by the plaintiff a few days before the difficulty occurred; and that abuse was made outside of the inclosure of the plaintiff, this is a matter that may go in mitigation of any damages found for the plaintiff."

In the proof of damages, both parties must be confined to the principal transaction complained of, and to its at-

4. ———: Proof of, to what confined.

tendant circumstances and natural results, for these alone are put in issue. *2 Greenleaf Evidence, sec. 268.*

Fifth instruction for appellee:

"If the jury find for the plaintiff, they are allowed greater latitude in assessing damages than they would be in case of contract; they will have a right, if they see proper, on a fair consideration of the evidence, to assess damages under all the different classes of damages, to-wit:

"*First*—Compensatory damages; those allowed as a compensation for the injuries actually received.

"*Second*—General damages; those which necessarily and by implication of law result from the act complained of.

"*Third*—Exemplary damages; those allowed as a punishment for torts committed with fraud, actual malice, or deliberate violence or oppression.

"*Fourth*—Prospective damages; those which continue to exist, or may exist in the future, caused by the act complained of.

"Or any one or more of the classes; to add the different sums together, and to find the full amount for the plaintiff."

To the *first* and *second* propositions of this instruction, no particular objections are made, and none appear; and we have above ruled upon the *third* and *fourth* propositions. They are all text-book principles, and taken, in substance, from *Addison on Torts*.

Sixth instruction for appellee:

5. ——:
Bodily suffering. "If the jury believe, from the evidence, that the plaintiff did suffer bodily pain from the wounds received, it is their duty to assess the damages for the suffering, if they find for plaintiff, as the same may arise from the evidence."

In trespass for personal injuries to plaintiff, bodily suffering is an element of damages. *Greenleaf Evidence, sec. 267.*

Upon the whole record the judgment must be affirmed.