WESTERN UNION TELEGRAPH CO. *v* AUBREY.

Opinion delivered February 1, 1896.

TELEGRAPH COMPANY — MISTAKE IN MESSAGE — LIABILITY.—One to whom a telegram is addressed, advising him that the sender can use a certain number of bales of cotton at a price named, can recover only nominal damages for an error in transmission of the message, whereby the price offered was raised, if he could have realized a profit on the cotton purchased in pursuance thereof by selling it to the sender at the price actually offered.

NOMINAL DAMAGES — WHEN RECOVERABLE. — Nominal damages may be recovered for the bare infringement of a right, or for a breach of contract unaccompanied by actual damage.

Appeal from Phillips Circuit Court.

GRANT GREEN, JR., Judge.

STATEMENT BY THE COURT.

This was an action brought by Aubrey against the Western Union Telegraph Company to recover damages alleged to have been sustained by him, by reason of an error in transmitting a cipher telegram from Cowen & Co. to him.

The complaint alleges that in April, 1893, Cowen & Co. delivered to the Telegraph Company at Memphis,

for transmission to Aubrey at Helena, the following telegram: "Mitchell has eat bluebird tinged staple on factor's table here. We find ten rough deep stains, and ten good grade white cotton. Leaving out these twenty, we can use remaining blood-shed ink alack f. o. b., Helena, provided we are not known in the transaction, and there is nothing under abat rising. Important not to mention us in the matter." That Cowen & Co. paid the usual and customary charges for such telegram. That the message received by Aubrey differed from that sent by Cowen & Co. in substituting the word "alike," meaning $8\frac{1}{2}$ cents, for "alack," meaning $7\frac{5}{8}$ cents. That the meaning of the telegram as sent was as follows: " Mitchell has ninety-five bales tinged staple on factor's table here. We find ten rough deep stains and ten good grade white cotton. Leaving out these twenty, we can use remaining seventy-five May shipment $7\frac{5}{8}$ f. o. b. Helena, provided, we are not known in the transaction, and there is nothing under inch and quarter. Answer immediately. Important not to mention us in the matter." That the message as received by Aubrey meant the same thing, except that the cotton could be used at $8\frac{1}{2}$, and not at $7\frac{5}{8}$, as it was written by Cowen & Co. That on the day after the telegram was received, and before Aubrey learned of the error in transmitting it, he purchased forty-four bales of cotton at 7 9-16 cents, and thirty-three bales at $7\frac{1}{2}$ cents; that Cowen & Co. refused to take it at $8\frac{1}{2}$ cents, and Aubrey held it from April 7 to April 14, when he sold it to A. N. Tanner for $7\frac{1}{4}$ cents. That the error was due to the negligence of the Telegraph Company, and Aubrey was damaged $175.

The answer denies that on the day named in the complaint, or any other day, C. C. Cowen & Co. delivered to defendant the telegram alleged to have been delivered for transmission to plaintiff; denies that it

transmitted another or different telegram, as alleged in the complaint; denies that plaintiff purchased seventy-five bales of cotton, or any part of it, under instructions contained in the telegram, or that he was damaged thereby in the sum of $175, or any other sum.

Upon the trial of this cause, the following interrogatories were, upon motion of the defendant, submitted to the jury, to-wit: "If you find that the plaintiff bought seventy-five bales of cotton, from whom do you find, from the evidence, he bought the cotton, and what price did he pay for same per pound?" The jury found generally for the plaintiff, and assessed his damages at one hundred and seventy-one dollars. In answer to the interrogatories, it found that 39 bales were bought from Higgins at 7 9-16 cents, 31 bales from Clifton at 7½ cents, and 5 bales from Hornor at 7 9-16 cents per pound.

The appellant filed a motion for a new trial, which was overruled, and, to reverse the judgment, he appealed to this court.

*Rose, Hemingway & Rose,* for appellant.

1. The court erred in its instructions. For a failure to correctly transmit a message, a telegraph company is liable only for such damages as arise naturally from the breach of the contract, or such as may reasonably be supposed to have been contemplated by both parties, when the contract was made, as the probable result of the breach of it. 53 Ark. 434; 154 U. S. 29, 33; 68 Fed. 137; 60 N. Y. 198; 34 Wis. 471–9; 21 Minn. 155, 161; 16 Nev. 222; 9 Ill App. 587; 61 Tex. 452; 60 Col. 579; 37 Mo. App. 554; 8 Bis. 131–3; L. R. 1 C. P. D. 326–8; 14 So. 1.

2. There is no evidence to sustain a verdict for more than *nominal* damages. He could have delivered the cotton to Cowen, and still made a profit, and hence he was not damaged at all.

*Jno. J. & E. C. Hornor*, for appellee.

1.   It is not true that, unless the interest of the sendee appear on the face of the message, no damages will result from negligent transmission.   53 Ark. 434. That may be the rule in England, but not in this country.   3 Suth. Dam. 314 ; 25 A. & E. Corp. Cases, 559.

2.   The rule applied in *Hadley* v. *Baxendale*, and approved in 53 Ark. 434, is the rule announced by the court below in this case.   1 L. R. Exch. 177.   The telegram itself showed on its face that it related to a commercial transaction, and put the company on notice that, if improperly transmitted, it might lead to pecuniary loss.   25 A. & E. Corp. Cas. 542; 68 Ga. 299 ; 30 A. & E. Corp. Cas. 600.

3.   When a mistake is made in a telegraphic message, neither party is bound, because their minds have not met.   21 A. &. E. Corp. Cas. 150 ; 25 *id.* 542. Cowen notified Aubrey to protect himself.   That meant to sell the cotton.   The jury found that he acted reasonably and properly by selling the cotton in the market. In this case no special damages were allowed, but only such as naturally resulted from the breach of the contract occasioned by the negligence of appellant.   5 A. & E. Corp. Cases. 203.

<span class="margin-note">Liability for mistake in telegram.</span> HUGHES, J., (after stating the facts).   There was no evidence that Cowen & Co. refused, or would have refused, to take the cotton at what they had offered for it, 7⅝ cents per pound, and it is apparent that at this price the appellee would have lost nothing.   But he chose to hold the cotton, and afterwards sold it at 7¼ cents, and for the loss he sustained thereby the appellant is not liable.   Had he delivered the cotton to Cowen & Co. at their offer, 7⅝ cents per pound, he would have realized a profit of 1-16 of a cent per pound on the 39 bales he bought from Higgins at 7 9-16 cents per pound,

and a profit on the 31 bales he bought from Clopton at
7½ cents of ⅛ of a cent per pound, and upon the 5 bales he
bought from Hornor a profit of 1-16 of a cent per pound.
Cowen & Co., by their offer, were bound to accept
the 75 bales at 7⅝ cents per pound, if delivered in ac-
cordance with their telegram.    It is apparent, therefore,
that the appellee suffered no damages by the mistake in
sending the telegram.

The judgment is reversed, and, as the appellee *When nomi-
nal damages
recoverable.* would be entitled to nominal damages only if the case
were remanded, judgment will be entered here in favor
of the appellee for costs in the circuit court.    "Nominal
damages may be recovered for the bare infringement of
a right, or for a breach of contract unaccompanied by
any actual damage."    1 Sedgwick on Damages, sec. 98.