## DAVIS v. RICHARDSON.

Opinion delivered July 22, 1905.

1. INDECENT ASSAULT—MISLEADING INSTRUCTION.—Where there was evidence, in a civil action for indecent assault, that defendant made an indecent and insulting proposal to plaintiff, and subsequently assaulted her, an instruction that "if a man takes improper liberties with a female, * * * he is guilty of indecent assault," is misleading, since it might be taken to refer to the proposal, which was not an assault. (Page 351.)

2. SAME—An instruction to the jury in a civil action for indecent assault, directing a recovery for plaintiff if defendant made use of any "indecent familiarity toward her," was erroneous and prejudicial if the language quoted might be understood to refer to an indecent proposal which defendant is said to have made to plaintiff. (Page 352.)

3. SAME—ABSTRACT INSTRUCTION.—It was error in a civil action for assault to instruct the jury to allow the defendant for the "effects upon her future condition in life," if there was no evidence of such damage. (Page 352.)

4. SAME—INSTRUCTION CONSTRUED.—Where, in a civil action for indecent assault, the jury were told what elements would be considered in awarding actual damages, and then were told that they might, under certain circumstances, allow punitive damages also, after which the instruction added, "In estimating such damage you may consider the financial condition of the defendant," the instruction, while defective in form, was not erroneous as permitting the jury to consider defendant's wealth in ascertaining plaintiff's actual damages. (Page 352.

5. INSTRUCTION—FORMAL DEFECT.—A formal defect in an instruction should be pointed out by a specific objection. (Page 352.)

Appeal from Stone Circuit Court; FREDERICK D. FULKERSON, Judge; reversed.

*Stuckey & Stuckey, Morris M. Cohn,* and *Rose, Hemingway & Rose,* for appellant.

*Yancey & Casey* and *Wright & Reeder,* for appellee.

This court will not reverse a cause where there is evidence to support the verdict. 13 Ark. 317; 51 Ark. 115, 324; 57 Ark. 577; 23 Ark. 208; 13 Ark. 385; 25 Ark. 89, 482; 27 Ark. 517; 46 Ark. 524; 4 7 Ark. 196; 50 Ark. 511. Testimony introduced without objection cannot be complained of. 1 Ark. 224; 6 Ark. 456; 7 Ark. 488; 9 Ark. 389; 10 Ark. 184; 13 Ark. 437; 15 Ark. 128; 17 Ark. 188; 18 Ark. 34; 36 Ark. 653, 221, 304; 39 Ark. 221; 52 Ark. 180. The instruction upon the question of an assault was proper. Kirby's Dig. § 1583; 43 Ind. 146; 3 Cyc. 1020. Instructions Nos. 1 and 4 correctly stated the law. 2 Am. & Eng. Enc. Law. 975; 38 Am. Rep. 703; 66 Id. 805; 8 Ark. 183; 15 Ark. 491; 36 Ark. 242; 42 Ark. 57; 71 Ark. 351; 23 Ark. 215; 71 Ark. 574; 69 Ark. 448. Appellant should have asked to have the instructions amended. 56 Ark. 602; 60 Ark. 613; 47 Ark. 196; 45 Ark. 539. The instructions as to the measure of damages were correct. 19 Am. Rep. 319; 50 *Id.* 143;

67 Am. Dec. 560; 82 *Id.* 670; 17 Fed. 913; 6 Dana, 477; 80 Me. 177; 61 Md. 89; 16 S. C. 575; 4 Wis. 85; 24 Wis. 452; 50 Mo. 361.

BATTLE, J. Eliza Richardson, by her next friend, filed a complaint in the Stone Circuit Court, alleging that the defendant W. E. Davis, on the 27th day of April, 1902, assaulted her in his storehouse near St. James, in Stone County, in this State, by seizing and embracing her in a rude and indecent manner, in consequence of which she, being in feeble health, suffered a severe shock to her nervous system and much humiliation; and that before that, on the same day, he made indecent proposals to her at the house of Ed. Grigsby; and she claimed $8,000 damages.

The defendant denied all these allegations.

In the trial of the issue in the case the plaintiff, in part, testified that on the 17th day of April, 1902, she went to the defendant's store, and no one was there. She then went to Mrs. Grigsby's, and found her there and the defendant. After a short conversation Mrs. Grigsby left the room, and Davis then told her, the plaintiff, to go home through a certain hollow, and he would meet her there; that he had something to tell her. In a short time Mrs. Grigsby returned, and Davis left. In a short time after this, on the same day, she went to Davis's store to buy some goods, and he again said to her that he had something to tell her, and "Don't you tell a thing about it; I will make it all right." He pulled, hugged and kissed her, "and acted like he was going to do something else." She escaped, and, as she did so, he said, "Don't you tell anything about it." At this time the plaintiff was fifteen years old.

The defendant, testifying, denied the conversation at Mrs. Grigsby's and the assault and conversation at the store.

Other evidence was adduced.

The court, over the objections of the defendant, instructed the jury as follows:

"1 You are instructed that every person is the sole custodian of his person, and no one has a right to touch it unlicensed, and that any unlawful touching of the person of another constitutes an assault; and if you believe from the evidence in this case that the defendant, W. E. Davis, did make an assault upon the person of Eliza Richardson by making use of any violent or

indecent familiarity toward her, or embracing, touching or hand-
ling her person in an indecent manner, then your verdict should
be for the plaintiff for such an amount as you believe she is
entitled.

"2  That for every unlawful assault the law conclusively
presumes some damage.

"3  That the law presumes every female to be chaste and
virtuous.

"4  If a man takes improper liberties with a female, or·
fondles her against her will and consent, he is guilty of indecent  ⊢
assault.

"5.  If you find for plaintiff, in arriving at the amount of
damage to which you think the plaintiff is entitled, if you find
that the assault was committed, you should take into considera-
tion the actual damage sustained by reason of the assault, in
which is included not merely the physical injury suffered, but·
you may also consider the mental suffering, humiliation, mortifi-
cation, and injury to her feelings and sensibilities, if such you
find to be the consequence of the assault, together with the
disgrace, insult, and indignity to which the plaintiff is subjected
by reason of said assault, as well as its effects upon her future
condition in life, all of which are proper elements of damage to
be considered by you in making up your verdict.  And if the
jury further believe that said assault was unprovoked and will-
fully, wantonly or maliciously done, you may assess an additional
sum as damages as a punishment to the defendant, and to deter
others from the commission of a like offense; and in estimating
such damage you may consider the financial condition of the
defendant."

The plaintiff recovered judgment for $4,000, and the de-
fendant appealed.

The trial court erred in giving to the jury instruction num-
bered 4.  Under it they might have found that appellant com-
mitted an assault upon appellee by making the indecent and in-
sulting proposal to her at Mrs. Grigsby's, and under instruction
numbered 5 returned a verdict against him for damages.  The
proposal was not an assault, and, being unaccompanied by a
physical injury, did not give the appellee the right to recover

damages on account thereof. It was not an element of damage. *Peay* v. *Western Union Telegraph Company,* 64 Ark. 538.

What we have said as to the fourth instruction applies to the words "or indecent familiarity towards her" in the first instruction.

Appellant objects to the fifth instruction because it directs the jury to allow the appellee for the "effects upon her future condition in life." There was no evidence of such damage, and the direction should not have been given.

Appellant objects to the same instruction, the fifth, because it told the jury that it might consider the appellant's wealth in computing damages, both actual and punitive. We do not think that this is a correct interpretation of the instruction. The court told the jury in this instruction what is included in actual damages, and then told them that they might allow punitive damages, and in this connection said: "In estimating such damage you may consider the financial condition of the defendant," having reference to punitive damages. Surely, the court did not mean that the wealth of the appellant could assist in measuring actual damages. Construed in the way suggested, the instruction in that respect is correct. 2 Sutherland on Damages (3d Ed.) § 404, and case cited. But it is defective in form, and should not have be given as it is. The defect, however, should have been pointed out by a specific objection.

Reverse and remand for a new trial.