BILLY W. BOWEN, BY HIS FATHER AND NEXT FRIEND, ROBERT L. BOWEN *v.* RICHARD CLINTON SAXTON AND MARY CARPENTER

73-104                                                    499 S.W. 2d 867

Opinion delivered October 15, 1973

*Mike Wilson* and *Kenneth C. Coffelt,* for appellants.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellees.

J. FRED JONES, Justice. Billy W. Bowen, a 12 year old minor, by his father and next friend Robert L. Bowen, brings this appeal from a judgment of the Pulaski County Circuit Court entered on a jury verdict for personal injury damages in the amount of $3,100. Young Bowen assigns five points for reversal as follows:

"The verdict of the jury and judgment of the Court is contrary to both the law and the evidence.

The verdict is a nullity, and legal judgment could not, and was not, entered thereon.

The trial court erred in accepting the verdict and refusing to order the jury to further deliberate.

The case should be reversed, because the jury failed to return a verdict for Robert L. Bowen for the Doctors, Hospital and Medical bills expended for Billy Bowen.

It is clear the jury intended for the plaintiffs to recover more money than the $3100.00, and it was without authority to compensate in the form of attorney's fees, as the jury attempted to do, and the error could not be corrected by the trial court in the manner in which it attempted to do."

Young Bowen sustained rather severe injuries when his bicycle collided with an automobile owned by Miss

Carpenter and being driven from a parking lot by Mr. Saxton. Young Bowen enumerated his injuries in his complaint and by amendment alleged that he had incurred medical and surgical expenses in the amount of $1,910.39 and would incur further medical expenses in the amount of approximately $2,250. The complaint prayed total damages in the amount of $50,000. The answer admitted that an accident occurred on the date involved but alleged that any injuries and resulting damages suffered by young Bowen were occasioned, or contributed to, by his own negligence. The case was submitted to the jury on general verdict forms. The jury found for young Bowen and used the form originally prepared as follows:

> "We, the jury, find for the plaintiffs and assess their damages as follows:
>
> Robert Bowen      $_____.
> Billy Bowen      $_____."

This form as returned by the jury reads as follows:

> "We, the jury, find for the plaintiffs and assess their damages as follows:
>
> Robert Bowen      $_____.
> Billy Bowen      $3100.00, plus costs and lawyer's fees."

The trial court entered judgment on the verdict for young Bowen in the amount of $3,100 and court costs.

It was stipulated by the parties that after the foreman of the jury returned the above verdict and before the jury was discharged, the plaintiff's attorney objected to the verdict and requested that the jury be instructed by the court to retire and reconsider its verdict; that the objection and request were made in chambers outside the hearing of the jury and were overruled by the court, after which the jury was discharged.

The parties agree that attorney's fees were not prayed for in the complaint or recoverable in a tort action of this nature. The appellant argues, however, that the verdict for attorney's fees was fatal to a valid verdict upon which judgment could be rendered and the trial court erred in returning judgment for the $3,100 plus court costs with the elimination of the attorney's fee provision of the verdict. The appellees agree that the attorney's fee part of the verdict was a nullity but argue that the trial court correctly eliminated that item as a mere surplusage, and was correct in entering judgment for the $3,100 damages plus court costs. We agree with the appellees.

The appellant argues that it was clearly the jury's intention to award attorney's fees in addition to the damages young Bowen had sustained and we agree, but the simple fact is that an attorney's fee is not an element of damage in a case of this nature. The jury was clearly instructed as to what did constitute the elements of damage in this case and it had no authority to add an attorney's fee to the damages so found. The appellant's request for reconsideration by the jury would have, in effect, required the jury to return a verdict increasing the amount of damages they had found in sufficient amount to cover a reasonable attorney's fee. We are of the opinion, and so hold, that the trial court was correct in treating the attorney's fee portion of the verdict as surplusage and entering judgment for the amount of damages found by the jury.

The appellant argues that the case should be reversed because the jury failed to return a verdict in favor of Robert L. Bowen, the father of Billy, for the doctors, hospital and medical bills expended for young Billy. The answer to that contention lies in the fact that the father did not sue as a separate party plaintiff for the amount he had expended in medical expenses for his son. He alleged that the plaintiff (Billy W. Bowen) had suffered serious permanent and disfiguring injuries to his person and had incurred medical and surgical expenses in a definite amount of $1,910.39, and would

incur further medical expenses in the approximate amount of $2,250.

The court gave the plaintiff's requested instruction No. 17, AMI 2213, which reads in part as follows:

"If you decide for Billy Bowen on the question of liability against any party he is suing, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages which you find were proximately caused by the negligence of Mr. Saxton or Miss Carpenter. . . .

B. The reasonable expense of any necessary medical care and treatment received and the present value of such expense reasonably certain to be required in the future."

Under this, plaintiff's instruction No. 17, the jury was simply told to find the amount of damages sustained by young Bowen, and all the elements of damages they were to consider were clearly spelled out in the instruction. We have no way of determining, and it is not within our province or that of the trial court to attempt to determine, how the jury arrived at its verdict of $3,100. The explanation why the verdict was not in a greater amount might well lie in defendant's instruction No. 4, AMI 2102, given to the jury without objection. This instruction reads in part as follows:

"If you should find that the occurrence was proximately caused by negligence of both plaintiff and defendants, then you must compare the percentages of their negligence.

If the negligence of plaintiffs is of less degree than the negligence of defendants, then plaintiffs are entitled to recover any damages which you may find they have sustained as a result of the occurrence after you have reduced them in proportion to the degree of their own negligence..

On the other hand, if defendants were not negligent or if the negligence of plaintiffs is equal to

or greater in degree than the negligence of defendants, then plaintiffs are not entitled to recover any damages."

As to the evidence of comparative negligence considered by the jury, we quote briefly from the appellant's abstract. Young Bowen testified:

"I was on my righthand side of the road as close to the cars as I could get when he popped out in front of me and we collided, and I don't know anything else after that. I was riding my bike in the Jacksonville Shopping Center. I do not recall seeing Mr. Saxton's car."

One of the defendants, Mary Carpenter, testified as abstracted by the appellant:

"I knew there was going to be a collision as soon as I saw the bike. Right when I saw the bike it happened. The bike hit the car. He was not looking at me. He had his head down. He was over close to the rear of the parked cars."

Mr. Saxton, the driver of the automobile, testified, as abstracted by the appellant:

"I was heading east and was going probably 5 miles an hour, and I started to make the lefthand turn and I looked up and I saw the line of cars and I saw a young boy on a bike pedaling, leaning forward with his head down. He looked up like this, (indicating) and then hit the car."

The judgment is affirmed.