Edgar BAKER and Leona BAKER,
His Wife *v.* Richard Lee ARMSTRONG and
Peggy Joyce ARMSTRONG, His
Wife and Leo WRIGHT

79-212                                    611 S.W. 2d 743
Supreme Court of Arkansas
Opinion delivered February 9, 1981
[Rehearing denied March 16, 1981.]

*Wilson & Grider*, by: *Murray L. Grider*, for appellants.

*Highsmith, Gregg, Hart & Farris*, by: *John C. Gregg*, for appellees.

Robert H. Dudley, Justice. This is a quiet title action involving 17.3 acres in Independence County. The chancellor found the title to the land in dispute should be quieted in the appellees, as their record title is superior to that of appellants, and because they and their predecessors in title had been in possession of the land for a long period of years. The appellees were awarded $100 in damages for timber which the appellants had sold off the tract and were found to have a private easement across the appellants' adjoining land. The findings of the trial judge are not clearly against the preponderance of the evidence and we affirm.

The only claim to record title by appellants is two deeds executed in 1973 from the heirs of James M. Case. There are no conveyances to James M. Case nor are there any to his heirs who executed the deeds.

The chain of title from the United States of America down through appellees is unbroken. However, commencing in 1933, an erroneous line appears in the descriptions in the various deeds. While the deeds from 1933 do not correctly describe the tract in question, they do furnish a sufficient key to make the description definite. The south and east borders are marked by a creek which is referred to in the deeds, and the west boundary is marked by the railroad right-of-way which also is referred to in the deeds. The north line is marked by a fence line tying into a rock wall which was not mentioned in the deeds. This is a sufficient description for color of title. *Branscum* v. *Drewry*, 232 Ark. 947, 341 S.W. 2d 6 (1960).

The appellees have color of title and the record reflects overwhelming proof of possession of the tract by appellees and their predecessors in title. The chancellor did not commit error in quieting the title in appellees.

The appellants sold timber off the disputed tract but the timber cutter did not know how much timber he cut, and he guessed between 2,500 and 3,500 board feet. No other witness knew the value at stumpage.

The chancellor awarded $100 as nominal damages and we affirm. Nominal damages may be recovered for the in-

fringement of a right. See *Western Union Telegraph Co.* v. *Aubrey*, 61 Ark. 613, 33 S.W. 1063 (1896). Additionally, wherever a party establishes the infraction of a right but the evidence fails to show the extent of the damages resulting therefrom, he is entitled to nominal damages, whether the act complained of is an actual injury or not. *Cathey* v. *Arkansas Power & Light Co.*, 193 Ark. 92, 97 S.W. 2d 624 (1936). Some damages are always presumed to follow from the violation of any right and the law in such cases awards nominal damages. See *Barlow* v. *Lowder*, 35 Ark. 492 (180).

The chancellor also found the appellees had acquired a private easement by prescription across appellants' land to the tract in dispute. The proof is substantial that appellees and their predecessors in title have used the road in question for many years. To acquire a private way by prescription, there must be a continuous use for seven years known by the owner. See *LeRoy* v. *Sigman*, 209 Ark. 469, 191 S.W. 2d 461 (1945). The finding of the chancellor is not against the preponderance of the evidence.

We affirm.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree the chancellor should be affirmed but for different reasons. The appellants did not abstract any pleadings in this case except the complaint. There is no order or decree of the court and I cannot say whether the chancellor was clearly wrong or not based on the abstract. His findings are indispensable to an appellate review. We have consistently enforced Rule 9 and I would affirm the decree on this basis rather than on the merits.