Debra K. FIELDS *v.* Anna C. STOVALL

88-258                                              762 S.W.2d 783

Supreme Court of Arkansas
Opinion delivered January 9, 1989

*Eddie N. Christian*, for appellant.

*Hardin, Jesson & Dawson*, by: *Rex M. Terry*, for appellee.

ROBERT H. DUDLEY, Justice. The sole point of appeal is the alleged inadequacy of a jury verdict. A car wreck occurred when the appellee, the defendant below, ran a stop sign and struck the appellant's car. The jury returned a verdict which awarded the full amount of claimed property damage, but only a part of the claimed medical expenses and nothing for lost wages, mental anguish, or future medical expenses. The trial court denied appellant's motion for a new trial. We affirm the trial court's ruling.

Under ARCP Rule 59(a)(5), the inadequacy of the recovery can be a ground for a new trial. When the primary issue is one of liability, as distinguished from the inadequacy of the award, we sustain the trial judge's denial of a new trial when the verdict is supported by substantial evidence. But when the primary issue is the alleged inadequacy of the award, we sustain the trial judge's denial of a new trial unless there is a clear and manifest abuse of discretion. *Warner* v. *Liebhaber*, 281 Ark. 118, 661 S.W.2d 399 (1983).

In such a review of the trial court's discretion, an important consideration is obviously whether a fair-minded jury might reasonably have fixed the award at the challenged amount, here $1,082.00. The verdict in this case is understandable and

defensible.

The appellant testified that two days after the accident she found a lump on her right breast, and that for four days her back hurt severely and then ached for a longer period of time. She did not miss any work because of the bruise or back ache. She went to four different medical doctors, and she stated that she missed work when she went for the visits with the doctors.

Her testimony that she lost wages because she had to see four different doctors is disputed as a matter of law because she was an interested party. *Raiborn* v. *Raiborn*, 254 Ark. 711, 495 S.W.2d 858 (1973). The jury may well have decided it was neither reasonable nor necessary for her to visit four doctors, and they may have been unable to determine by a preponderance of the evidence which visits reasonably and necessarily caused a loss of wages, if any. The alleged suffering of mental anguish was also disputed as were the future medical expenses.

With regard to the medical bills, the jury may well have found that only a portion of claimed medical expenses was properly attributable to the accident since the thickening of the right breast caused by necrosis dissipated within a few weeks. Further, one doctor found fibrocystic changes in both breasts, not just the right breast, in which the necrosis was found after the accident.

Under these circumstances, we cannot say the trial court clearly and manifestly abused its discretion in denying a new trial.

Affirmed.