George PARRISH, et ux. *v.* Charles Thomas NEWTON, et al.

89-28                                             768 S.W.2d 17

Supreme Court of Arkansas
Opinion delivered April 17, 1989

*Jeff Slaton,* for appellant.

*Roy & Lambert,* by: *David E. Morris,* for appellee.

DARRELL HICKMAN, Justice. This is an automobile accident case. The jury returned a verdict in favor of appellants, Mr. and Mrs. Parrish, and awarded them a total of $5,300 in damages. The Parrishes filed a motion for a new trial, claiming evidentiary errors and an inadequate verdict, which the court denied. Finding no error, we affirm.

The accident happened April 14, 1987, on Highway 68 in Springdale. Appellee Charles Newton was driving his father's car. While attempting to enter Highway 68 from a side road, Charles pulled out in front of the Parrish car, causing the accident.

The Parrishes sued Charles Newton, asking for damages for medical expenses, property damage, pain and suffering, lost wages and loss of consortium. Newton answered that upon

entering the intersection, his vehicle had stalled without warning. By an amended complaint, the Parrishes added Lawrence Newton, the father of Charles Newton, as a defendant, claiming that he had negligently failed to maintain his vehicle.

The case went to trial, and the jury found that Charles Newton was totally responsible for the accident. The father was dismissed on a directed verdict. The jury awarded Lorraine Parrish $5,000 and awarded George Parrish $300. The appellants' motion for a new trial asserted three errors: (1) the trial court improperly admitted certain documents into evidence showing Mrs. Parrish was receiving benefits from a collateral source; (2) testimony that Lawrence Newton's wife knew the car was in poor mechanical condition was improperly excluded as hearsay; and (3) the amount of the verdict was inadequate.

Mrs. Parrish claimed lost wages from the date of the accident until the time of trial. The appellees contended that any wages lost after June 2, 1987, were not the result of the accident but other physical problems, specifically gallbladder disease.

The appellants' witness, Dr. Tom Whiting, testified that in the fall and winter of 1987 he did excuse Mrs. Parrish from work for one period of nine weeks and on another occasion for three weeks. He indicated that Mrs. Parrish's inability to work could have been caused by a combination of her accident injuries and her gallbladder surgery.

The doctor had signed two forms which had been submitted by Mrs. Parrish to her employer, Tyson Foods. The forms were titled "Tyson Disability Security Claim." The forms indicated that Mrs. Parrish was unable to work from September 28 to November 27 because of "gallbladder disease with surgery," and from December 23 to January 11 for shoulder and neck pains. The judge allowed the appellees to introduce the forms after deleting their title captions.

The appellants objected that the collateral source rule had been violated. The rule is that evidence showing an injured person received benefits from a collateral source is inadmissible unless relevant for some purpose other than the mitigation of damages. *Amos* v. *Stroud*, 252 Ark. 1100, 482 S.W.2d 592 (1972).

■ Here, the forms were relevant for the purpose of determining causation. Mrs. Parrish claimed all her lost wages were attributable to the accident. The doctor testified that it was a combination of the accident and Mrs. Parrish's illness. But the forms tended to support the appellees' position that the damages were due to factors unrelated to the accident. There was nothing on the forms which clearly indicated Mrs. Parrish had received any collateral benefits.

■ In short, the trial judge was called upon to weigh the probative value of the forms against the unfair prejudice that could result. Such a matter is within the discretion of the court. *Oxford* v. *Hamilton*, 297 Ark. 512, 763 S.W.2d 83 (1989). Under the circumstances of this case, we find no abuse of discretion in admitting the forms.

■ The appellants' claim that the forms were introduced in bad faith is not borne out by the record. Immediately upon objection, the appellees assured the trial court that the forms were being offered to show causation and readily agreed to deleting any offending portions.

■ The appellants attempted to introduce testimony of two witnesses who would repeat a statement made by Lawrence Newton's wife that there were numerous problems with her husband's vehicle. The trial judge properly refused to admit the evidence.

Though Mrs. Newton was not a party to the case, the appellants attempted to introduce her statement as an admission by a party opponent, claiming she was her husband's agent regarding the vehicle. *See* A.R.E. Rule 801(d)(2)(iv).

■ One spouse is not necessarily the agent of the other solely by virtue of the marital relationship. *Cooper* v. *Cooper*, 225 Ark. 626, 284 S.W.2d 617 (1955). It was shown that Mrs. Newton often rode in the car as a passenger while pursuing family errands. But the appellants never made a case that she was Mr. Newton's agent for the purpose of maintaining the vehicle.

Finally, the appellants question the amount of the verdict. The jury received separate damage instructions on Mr. and Mrs. Parrish. Mr. Parrish's instruction told the jury it could award property damages for the vehicle. The verdict for him was $300,

although damages to the car were at least $1,400. However, Mrs. Parrish gave all the testimony regarding damage to the vehicle, and the car was in both their names. Even the appellants admit that the award for the car could be included in the $5,000 given to Mrs. Parrish.

In addition to property damage, Mrs. Parrish suffered about $850 in medical bills and six weeks of lost wages, which $5,000 would adequately compensate. All other damages were greatly disputed. When the issue is the alleged inadequacy of the damage award, the denial of a new trial will be sustained unless a clear and manifest abuse of discretion is seen. *Fields* v. *Stovall*, 297 Ark. 402, 762 S.W.2d 783 (1989). We cannot say that occurred.

Affirmed.