989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
ALLSTATE INSURANCE COMPANY, Appellee,
v.
Leona B. JOHNSON, Appellant.
 No. 92-3069WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1993.
Filed: March 29, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judges, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Leona B. Johnson appeals from the district court's judgment entered in favor of Allstate Insurance Company (Allstate) following a jury trial. We affirm.
 
 
 2
 On February 22, 1990, fire destroyed Johnson's home. Johnson submitted a claim to Allstate, which insured the house, seeking payment for the full loss. Allstate filed a declaratory judgment action in state court, contending it did not owe Johnson anything because the fire was intentionally set by her or others acting on her behalf. Allstate also sought to recover from Johnson $32,971.99 it paid to the property's mortgagee. Johnson counterclaimed for payment under the policy and removed the case to federal court on the basis of diversity jurisdiction.
 
 
 3
 During the trial, Gary Young, a former real estate agent and insurance salesman, testified he had business dealings with Johnson and her former husband, Ed, in the early 1980's. Young also testified that in 1987, Ed told him he knew people in financial trouble who had burned their properties. Johnson objected to the testimony on hearsay and relevancy grounds. The district court overruled the objection.
 
 
 4
 At the close of Allstate's case and at the close of all evidence, the district court denied Johnson's motions for judgment as a matter of law, and submitted the case to the jury. The jury found that Johnson intentionally burned the insured property or intentionally caused it to be burned through another person acting on her behalf. The district court awarded Allstate judgment in the amount of $32,971.99.
 
 
 5
 On appeal, Johnson argues the trial court committed error in admitting the hearsay testimony and in denying her motions for judgment as a matter of law because the evidence was insufficient to permit the jury to reach a verdict without speculation and conjecture. Johnson concedes there was sufficient evidence to show the fire was incendiary, but argues there was no evidence presented to link her to the fire.
 
 
 6
 We review the admission of evidence for abuse of discretion. Hogan v. American Tel. & Tel. Co., 812 F.2d 409, 410 (8th Cir. 1987) (per curiam). To warrant reversal, the error must affect the parties' substantial rights. Id.
 
 
 7
 Having carefully reviewed the record, we agree with Johnson that Young's statement was inadmissible hearsay. Allstate sought to admit Ed's alleged statement to prove a link to arsonists. Johnson was not permitted to cross-examine Ed about that connection. Ed did not testify at trial and was not a party to the action. Further, Ed's relationship to Johnson as her former husband, without more, does not make him Johnson's agent or coconspirator. Cf. Parrish v. Newton, 768 S.W.2d 17, 18 (Ark. 1989).
 
 
 8
 Nevertheless, we conclude the admission of Young's statement was not prejudicial. Although the evidence of Johnson's involvement in causing the fire was entirely circumstantial, there was circumstantial evidence other than the hearsay statements from which the jury could find she caused the fire. Viewing the evidence in the light most favorable to Allstate and giving it the benefit of all reasonable inferences, see Dace v. ACF Indus., Inc., 722 F.2d 374, 376 (8th Cir. 1983), there was sufficient evidence that the fire was intentionally set and, although scant, there was circumstantial evidence for a reasonable jury to conclude Johnson could have caused the fire. Thus, the district court properly denied Johnson's motions for judgment as a matter of law.
 
 
 9
 Accordingly, we affirm.