Nancy CHU, Appellee,

v.

**AMERICAN AIRLINES,
INC., Appellant.**

No. 01–2231EA.

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 17, 2002.

Filed: March 28, 2002.

Rehearing Denied: May 1, 2002.

Mr. Daniel A. Johnson, argued, Los Angeles, CA (Michael E. Hale, D. Keith Fortner, Little Rock, AR, on the brief), for appellant.

Mr. George Quesada, argued, Dallas, TX (Frank L. Branson, Debbie Dudley Branson, J. Hadley Edgar, Thomas, J. Farmer, on the brief), for appellee.

Before WOLLMAN,[1] Chief Judge, RICHARD S. ARNOLD and HANSEN,[2] Circuit Judges.

RICHARD S. ARNOLD, Circuit Judge.

American Airlines appeals from a jury verdict in favor of Nancy Chu, a passenger on American Flight 1420, which crashed when landing at Little Rock National Airport on June 1, 1999. Liability was admitted, and the jury was asked to decide the amount of compensatory damages. American argues that the District Court erred when answering a question from the jury during deliberations about how plaintiff's attorneys' fees would be paid. The District Court responded that plaintiff's attorneys' fees would be paid out of any damage award the jury made.

We agree with American that this response to the jury's question was incorrect as a matter of law. Attorneys' fees were not relevant to the jury's decision. Fees are not part of compensatory damages in an action for negligence. Therefore, we reverse the damage award and remand for a new trial on damages.

## I.

Nancy Chu was aboard American Airlines Flight 1420 on June 1, 1999, when the plane encountered severe weather from a thunderstorm. Around midnight, during its landing at Little Rock National Airport, the plane left the runway, crashed into a light stanchion, and caught fire. Ms. Chu was able to escape from the plane and run to a field where other passengers had gathered. Eleven people died, and more than eighty were injured as a result of the accident.

Ms. Chu sued American for personal injuries sustained during the crash. The focus of her claim was an alleged brain injury. The case was heard in the District Court as a diversity matter. Because American conceded negligence, the only issues before the jury on Ms. Chu's personal injury claim were causation and damages. The jury found in favor of Ms. Chu and awarded her $5,695,161 in compensatory damages.[3]

## II.

■ American argues that the District Court erred by giving the jury an incorrect statement of law in answering a question during deliberations. Ms. Chu responds that American's objection to the District Court's proposed answer was insufficient to preserve its objection, and that the Court's response was accurate in any event. We review a district court's instruction in response to a jury's question for an abuse of discretion. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 252 F.3d 1010, 1012 (8th Cir.2001). We hold that the objection was preserved, and that the Court's response was incorrect. For this reason, a new trial must occur.

■ During deliberations, the jury made the following inquiry of the Court by written note: "Will court costs and plaintiff's attorneys' fees be deducted from plaintiff's settlement amount?" Tr. 1850–

---

1. The Hon. Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Hon. David R. Hansen.

2. The Hon. David R. Hansen became Chief Judge of the United States Court of Appeals for the Eighth Circuit on February 1, 2002.

3. In an earlier order, the District Court had bifurcated the punitive-damages claims and ordered that those claims be considered in a separate proceeding.

him \$3,100 in compensatory damages, "plus costs and lawyer's fees." *Id.* The trial judge ignored the award of attorney's fees and entered judgment for \$3,100 and costs. *Id.* The Supreme Court upheld the court's handling of the matter because "the simple fact is that an attorney's fee is not an element of damages in a case of this nature," regardless of a jury's intent to award attorney's fees. *Id.*

51. The judge conferred with counsel and informed them of his proposed answer. "Court costs are paid by the losing party. The plaintiff's attorneys' fees will be paid by any amount awarded by you to the plaintiffs." Tr. 1851. American objected. *Ibid.* Although American did not give to the Court, in precise words, the answer it thought the jury should receive, it did make a sufficient objection on the record. Specifically, American urged the court to refer the jury back to the general instructions, one of which detailed six elements of damages the jury could consider in compensating Ms. Chu. Court's Instruction No. 14, Tr. 1765–66. Attorneys' fees were not one of the listed elements. This was enough to alert the Court and Ms. Chu's counsel to the nature of American's objection.

Therefore, the Court erred in its response to the jury's question during deliberations. It should have simply referred the jury back to the general instructions on compensatory damages. By stating that plaintiff's attorneys' fees would be paid out of any damage award the jury gave plaintiff, the Court may well have caused the jury to inflate its damage award to account for attorneys' fees. The Court's response, at least implicitly, told the jury that it could consider plaintiff's attorneys' fees in making its award. Since fees are not an element of damages, this was legal error.[4]

Under Arkansas law, "attorney fees are not an element of damages in personal injury cases ...." Howard W. Brill, *Arkansas Law of Damages*, ¶ 11–1 at 149 (3rd ed. 1996). When determining compensatory damages in personal injury cases, the factfinder should consider the nature, extent, and duration of any injury. A jury should not concern itself with a plaintiff's expenses in employing an attorney. A plaintiff's fees are his or her own expense. The law does not shift to a losing defendant the responsibility of paying the prevailing plaintiff's fees in this type of case.

American raises several other arguments. Because we have already determined that a new trial is necessary, we comment on only one of these issues. American argues that the District Court erred by not performing a sufficiently thorough evaluation of the reliability of the testimony of plaintiff's experts as required by *Daubert v. Merrell Dow Pharmaceuticals Corp.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). We assume that on remand the District Court will make the findings necessary to analyze com-

Arkansas has an illustrative case on this point. See *Bowen v. Saxton*, 255 Ark. 298, 300–01, 499 S.W.2d 867, 869 (1973). In that case, a boy on a bicycle was struck by a car and brought suit. The jury awarded

---

4. We note, in addition, that there was no evidence before the Court about the fee contract between plaintiff and her lawyers. The plaintiff asserts in this Court that the District Court's response to the jury's question was factually correct. It may have been. Contingent fee contracts, in which the lawyer's fee is paid out of any award, are common, but the contract is not part of the record in this case. Indeed, an attempt to put the contract into the record would have been objectionable, because, as we have explained in text, the plaintiff's fees and expenses were not relevant to the amount of compensatory damages.

pletely and consider fully the admissibility of this evidence.

### III.

For the reasons given in this opinion, the judgment is reversed, and the cause remanded for a new trial on the issue of compensatory damages.