Jennifer FRITZ, as Special Administratrix of the
Estate of Georgia Fritz a/k/a Georgia Collins, Deceased  *v.*
BAPTIST MEMORIAL HEALTH CARE CORP.,
d/b/a Baptist Memorial Nursing Center, *et al.*

CA 04-1099                                211 S.W.3d 593

Court of Appeals of Arkansas
Opinion delivered August 31, 2005

[Rehearing denied October 5, 2005.]

182

*Wilkes & McHugh, P.A.*, by: *Brian G. Brooks*, for appellant.

*Butler, Hickey, Long & Harris*, by: *Andrea W. Brock*, for appellee.

LARRY D. VAUGHT, Judge. This appeal arises from the sexual assault of one nursing-home resident by another resident. Appellant Jennifer Fritz, as special administratrix of the estate of Georgia Fritz Collins, appeals from the jury's verdict finding appellee Baptist Memorial Health Care Corporation negligent for allowing the assault to occur but not awarding any damages for the assault. Fritz seeks a new trial on damages or, in the alternative, a new trial on all issues. Baptist conditionally cross-appeals from two of the trial court's evidentiary rulings, as well as from decisions denying motions to dismiss and for a directed verdict. We affirm on direct appeal; consequently, we do not address the cross-appeal.

Georgia Collins was admitted to Baptist's Blytheville nursing home in 1999. At the time, Collins was alleged to be suffering from dementia. On February 28, 2001, Collins was sexually assaulted by another resident, Theodore Weaver, who was arrested for the crime. On April 1, 2001, Collins left the nursing home. On November 1, 2001, Fritz, as special administratrix of Collins's estate, filed suit, alleging that Baptist was negligent in allowing the assault to take place and that Baptist violated Ark. Code Ann.

§§ 20-10-1201 through 1209 (Repl. 2000 & Supp. 2003), which provide protection and rights for residents of long-term-care facilities. The allegations of the complaint were generally denied.

The jury returned a verdict on interrogatories. In the first interrogatory, the jury found that Baptist was negligent. This interrogatory was signed by the jury foreperson. The second interrogatory found that the plaintiff was not entitled to punitive damages and was signed by eleven jurors. The third interrogatory asked the jury to assess compensatory damages. The jury answered: "Plaintiff court costs and plaintiff attorney's fees." A blank was left for an amount to be inserted. Ten jurors signed this interrogatory. When the verdict was returned, the trial court inquired of the jurors concerning interrogatory number three. The court asked whether the jury found any monetary damages, and the jury responded "no." The court then asked if it was their intention that plaintiff recover court costs and attorney's fees and not monetary damages and the jury responded "yes." Fritz then orally moved for a mistrial based on the jury's failure to properly complete the interrogatories. The court denied the motion for a mistrial but asked the parties to brief the effect of the jury's answer to the third interrogatory. Judgment was entered on the jury's verdict. By an "Addendum to Judgment on Jury Verdict," the trial court denied Fritz's motion for a mistrial or a new trial on damages. This appeal and cross-appeal followed.

Fritz argues one point on appeal, that a new trial is required because of the jury's failure to award damages. She subdivides her point into two parts: that the nature of the offense requires an award of damages and that the jury's answers to the interrogatories are inconsistent because of the jury's finding of proximate cause.

■ Rule 59 of the Arkansas Rules of Civil Procedure provides that a new trial may be granted on the ground of error in the assessment of the amount of recovery, whether too large or too small. Ark. R. Civ. P. 59(a)(5). When the primary issue is the alleged inadequacy of the damage award, we will affirm the denial of a motion for new trial absent a clear and manifest abuse of discretion. *Depew v. Jackson*, 330 Ark. 733, 957 S.W.2d 177 (1997); *Fields v. Stovall*, 297 Ark. 402, 762 S.W.2d 783 (1989). An important consideration is whether a fair-minded jury might reasonably have fixed the award at the challenged amount. *See Depew, supra; Fields, supra.* The trial court is not to substitute its view of the evidence for that of the jury. *Clayton v. Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982).

■ Fritz asks this court to award a new trial on damages only. This cannot be done. Even though the alleged error in this case pertains only to damages, a new trial must include both liability and damages issues. *See Smith v. Walt Bennett Ford*, 314 Ark. 591, 864 S.W.2d 817 (1993); *Waste Mgmt. of Ark., Inc. v. Roll Off Serv., Inc.*, 88 Ark. App. 343, 199 S.W.3d 91 (2004).[1]

Citing such cases as *Cathey v. Arkansas Power & Light Co.*, 193 Ark. 92, 97 S.W.2d 624 (1936); *Davis v. Richardson*, 76 Ark. 348, 89 S.W. 318 (1905); and *Western Union Telegraph Co. v. Glenn*, 68 S.E. 881 (Ga. App. 1910), Fritz argues that the assault on Collins requires that some damages be presumed and, therefore, it was error for the trial court not to order a new trial.

■ Nominal damages may be awarded where a legal right, such as an assault, is vindicated but where an infringement produces no actual present loss, or where some compensable injury is shown but the amount of the injury not proved. *Baker v. Armstrong*, 271 Ark. 878, 611 S.W.2d 743 (1981). Some damages are presumed to flow from the violation of a legal right. The law in such cases will at least award nominal damages. *Baker, supra; Adams v. Adams*, 228 Ark. 741, 310 S.W.2d 813 (1958); *Barlow v. Lowder*, 35 Ark. 492 (1880). To warrant recovery of nominal damages, there must be an unlawful infringement of a property right. *Thigpen v. Polite*, 289 Ark. 514, 712 S.W.2d 910 (1986).

■ Here, Fritz did not allege an assault case. She pled and tried this case as a negligence case against Baptist, alleging that, because of its negligence, the attack on Collins was allowed to occur. In negligence cases, the supreme court appears to have adopted a different rule: that the failure to award nominal damages is not reversible error. *See Webb v. Thomas*, 310 Ark. 553, 837 S.W.2d 875 (1992); *Thigpen v. Polite*, 289 Ark. 514, 712 S.W.2d 910 (1986); *Harlan v. Curbo*, 250 Ark. 610, 466 S.W.2d 459 (1971); *Wells v. Adams*, 232 Ark. 873, 340 S.W.2d 572 (1960).

■ We conclude that there was testimony from which the jury could have reasonably concluded that Collins did not suffer any injury as a result of the incident with Weaver. When ques-

---

[1] *See also Avery v. Ward*, 326 Ark. 829, 934 S.W.2d 516 (1996); *Johnson v. Gilliland*, 320 Ark. 1, 896 S.W.2d 856 (1995); *Jacuzzi Bros., Inc. v. Todd*, 316 Ark. 785, 875 S.W.2d 67 (1994); *McVay v. Cowger*, 276 Ark. 385, 635 S.W.2d 249 (1982) (collecting cases dating to 1900).

tioned by Detective Tim Bentley of the Blytheville Police Department, Collins said she was okay. Collins's treating physician, Dr. Richard Hester, testified that he examined Collins on March 12, 2001, some twelve days after the incident and that she showed no change in her condition from before the incident. There was also a great deal of testimony from Collins's caregivers, Betty Hartsfield, R.N.; Doris Johnson, a former C.N.A.; and Carolyn Johnson, C.N.A., that Collins did not complain of any pain when she was examined following the incident. Jean Shook, Baptist's expert and a registered nurse, testified that it was her opinion that Collins was not harmed by the incident because Collins denied having any pain and because Collins, noted in the medical records as being easily agitated, would have complained had she been in pain. Shook also based her opinion on Carolyn Johnson's testimony that Collins was upset when the nurses entered her room and stopped the encounter.

██ Fritz also argues that the invasive nature of the rape exam performed on Collins justifies an award of damages. We disagree. First, there was no testimony that the exam was invasive. Second, there was likewise no testimony as to how the exam affected Collins. Fritz had the burden of showing entitlement to compensatory damages, and the jury's answer to the third interrogatory indicated that she did not meet that burden. We cannot say that the trial court abused its discretion in refusing to order a new trial. In its consideration of the oral motion, the trial court considered the appropriate factors concerning the elements of damage to Collins.

██ For the second part of her point on appeal, Fritz contends that the jury's answers to the interrogatories were inconsistent because the jury found Baptist negligent yet failed to award any damages. We disagree. It is the duty of the trial judge to harmonize apparent inconsistencies in arriving at a judgment, if possible to do so. *Russell v. Pryor*, 264 Ark. 45, 568 S.W.2d 918 (1978). The verdicts should not be set aside if the jury's intentions were capable of ascertainment with certainty. *Id.* Here, the trial court recognized the possible inconsistency in the jury's answers to the interrogatories and appropriately asked the jury if it was the wish of the jury that plaintiff recover court costs and attorney's fees and not monetary damages, and the jury responded in the affirmative. The trial court then entered a verdict consistent with the

jury's stated intention. Fritz argues that the jury's answer to the third interrogatory leaving the blank for the amount of damages unfilled and writing in attorney's fees and costs indicates that the jury intended that she recover. However, the jury had no authority to award attorney's fees and costs, and the trial court properly entered judgment based on the jury's answers to the interrogatories as clarified by the trial court's questioning. *Bowen v. Saxton*, 255 Ark. 298, 499 S.W.2d 867 (1973).

Fritz also argues that the trial court's questioning of the jury foreperson was not a proper poll of the jury. The short answer to this is that she did not object to the questioning of the jury.

Finally, Fritz argues that the jury found that Baptist was negligent, thereby justifying an award of damages. However, although a defendant may be shown to have been negligent in some manner, the plaintiff must also prove that he or she suffered damages as a result of that negligence. *See Lovell v. Brock*, 330 Ark. 206, 952 S.W.2d 161 (1997); *Wal-Mart Stores, Inc. v. Kilgore*, 85 Ark. App. 231, 148 S.W.3d 754 (2004). Further, the amount of an award of damages rests largely within the discretion of the jury. *Coca-Cola Bottling Co. v. Adcox*, 189 Ark. 610, 74 S.W.2d 771 (1934).

As noted, the cross-appeal is conditional and needs to be addressed only in the event that the court decides to reverse on the direct appeal. Our decision on direct appeal renders the cross-appeal moot.

Affirmed on direct appeal; cross-appeal moot.

PITTMAN, C.J., and ROBBINS, J., agree.