# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2650

_____

Ronnie Conley,                                  *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
      v.                                        *   District Court for the
                                                *   Western District of Missouri.
Reed Very, Housing Unit Manager,                *
                                                *
            Appellee.                           *

_____

Submitted: March 16, 2006
Filed: June 15, 2006

_____

Before COLLOTON, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ronnie Conley appeals a jury verdict in favor of Reed Very on Conley's action pursuant to 42 U.S.C. § 1983. Because we conclude that the district court erred in its response to a question from the jury during its deliberations, we reverse and remand for a new trial.

Conley was an inmate assigned to the Missouri Department of Corrections, and he was transferred to the Algoa Correctional Center in 2000. Conley alleged that while he was at Algoa, he was raped on multiple occasions by a cellmate. Conley said that after the first attack, he sought protective custody from Very, who was the

functional unit manager responsible for Conley's unit at Algoa. According to Conley, Very denied this request and at least two subsequent requests by Conley for protective custody.

Conley brought this § 1983 action alleging that Very failed "to protect [him] adequately while incarcerated at Algoa Correctional Center," in violation of the Eighth and Fourteenth Amendments. (Appellant's App. at A1, ¶ 4; A4, ¶ 22). The jury, during deliberations, asked the district court the following question: "Have there been any past complaints against Mr. Very for denying [protective custody] requests?" (*Id*. at A55, A64). Over Conley's objection, the court instructed the jury that "no evidence was presented" regarding past complaints against Very for denying protective custody requests. (*Id*. at A59). The jury returned a verdict in favor of Very less than forty minutes after it received this answer, and the district court subsequently denied Conley's motion for a new trial.

Conley argues on appeal that the district court erred when it did not explain to the jury in its response to the question that whether there were past complaints against Very was irrelevant to its task. We review a district court's response to a jury question, as well as its denial of a new trial motion, under the abuse of discretion standard. *Chu v. Am. Airlines, Inc.*, 285 F.3d 756, 757 (8th Cir. 2002); *Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 967 (8th Cir. 1994).

After the jury inquired about prior complaints against Very, Conley argued to the district court that "the issue of any past complaints against Mr. Very is not at issue in this case and should not be considered [], because it really has no relevance to the verdict director or anything that [the jury is] considering." (Appellant's App. at A57). Nevertheless, the court answered the jury "you must base your decision on the evidence that was presented in the case. . . . [N]o evidence was presented that past complaints had been made against Mr. Very for denying [protective custody] requests." (Appellant's App. at A59). Conley objected to this answer, again asserting

that the matter of prior complaints was "irrelevant to the four elements on the verdict director" and that the jury "really shouldn't even be focusing on that." (Appellant's App. at A60). The district court appeared to think that its answer did inform the jury that the existence of prior complaints was irrelevant, (*id*.), and it overruled Conley's objection.

When answering a question from a jury, a district court must take care not to inject an irrelevant issue into the case. If the jury appears to be focused on an irrelevant matter, then the court's response should disabuse the jury of its mistaken belief that an irrelevant matter is important to its verdict. *Housing 21, L.L.C. v. Atl. Home Builders Co.*, 289 F.3d 1050, 1055-56 (8th Cir. 2002). In this case, the parties agree that evidence of past complaints about Very was irrelevant, but the court's response to the jury's inquiry – that "no evidence was presented that past complaints had been made against Mr. Very" – implied that such evidence would have been relevant to the case. There is a reasonable likelihood, therefore, that the jury interpreted the district court's response to mean that the absence of evidence showing prior complaints about Very tended to make less probable the allegation that Very failed to respond to *Conley's* request for protective custody. The court's response may have been factually accurate, but the substance of the jury's question was irrelevant, and that is what the jury should have been told. *Id*.[*]

In determining whether a new trial is warranted, we must also consider whether there is a reasonable likelihood that Conley was prejudiced by the court's response to

---

[*]Conley likely would have been precluded from introducing evidence of prior bad acts by Very had he attempted to do so. *See Chu*, 285 F.3d at 758 n.4. Conley recognized the inadmissibility of such evidence in his colloquy with the district court, (Appellant's App. at A56), and the court later explained that "even if someone had introduced evidence, for example, that Mr. Very had had a complaint like this filed against him, I wouldn't have allowed it in anyway because this case has to be decided based on the evidence in this case, not what Mr. Very may or may not have done to someone else." (*Id*. at A62).

the jury's question. Very argues that if the district court's response implied that evidence of prior complaints against him was relevant, then it was just as prejudicial to him as it was to Conley, because the response merely emphasized that no evidence was "presented." The jury, according to Very, reasonably could have interpreted the court's response to mean that evidence of past complaints against Very *did* exist, but was simply not presented at trial. Thus, the argument goes, the jury may well have assumed that there were prior complaints against Very, but rejected Conley's claim nonetheless.

We think this is not a reasonable inference from the jury instructions as a whole. The jury was directed to determine the facts from the evidence, and to base its verdict solely on the evidence and the law. (Jury Instructions Nos. 1, 10). Very's interpretation of the court's response to the jury question requires us to assume that the jury disobeyed the court's other instructions, and assumed facts not in evidence. We presume, however, that the jury followed its instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Under that presumption, the response to the jury question creates a reasonable likelihood that the jury believed that evidence of prior complaints was relevant, and then construed the absence of such evidence against Conley, as the party with the burden of proof. There is reasonable likelihood that Conley was prejudiced, as the deliberations were short, and the question showed that the jury was focused on the matter of past complaints. *Housing 21*, 289 F.3d at 1056.

For the foregoing reasons, the judgment is reversed, and the case is remanded for a new trial.

_____