Timothy C. KLINGER, d/b/a Historic Preservation Associates *v.* CITY OF FAYETTEVILLE, Arkansas, A Municipal Corporation

88-211                    762 S.W.2d 388

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*Jones & Hixson,* by: *Lewis D. Jones,* for appellant.

*James N. McCord,* City Att'y, for appellee.

DAVID NEWBERN, Justice. This is an appeal of the dismissal of a complaint which sought damages because the appellee, City of Fayetteville, wrongfully let a contract to do archeological work without taking bids. We affirm the trial court's determination that the complaint of the appellant, Timothy Klinger, did not state facts sufficient to state a claim upon which relief could be granted. Ark. R. Civ. P. 12(b)(6).

The background for this case can be found in *Klinger* v. *City of Fayetteville,* 293 Ark. 128, 732 S.W.2d 859 (1987), where we held that the city was bound by Ark. Code Ann. § 14-47-138 (1987), formerly part of Ark. Stat. Ann. § 19-716(a) (Repl. 1980), to seek competitive bids for professional services. Upon remand, the chancellor granted to Klinger the declaratory judgment and injunction he had sought in that case.

Klinger then filed a complaint seeking damages in the amount of 1.44 per cent of the "overhead" which had apparently been guaranteed to the party who performed the contract plus 15 per cent of the "total project costs as profit." The chancellor granted the city's motion to dismiss the complaint and gave Klinger ten days to plead over. Klinger then amended his complaint, but his allegations remained substantially the same. The complaint was again dismissed.

In his letter ruling dismissing the first damages complaint the chancellor noted that Klinger's "situation excites sympathy," however, the chancellor was unable to find any Arkansas authority supporting Klinger's claim. Cases from other states were also found to be negative.

■ We find the general rule to be that statutes requiring competitive bidding for government contracts are enacted for the benefit of the taxpayers rather than for the benefit of those who would sell goods or services to governmental entities, *Gulf Oil Corp.* v. *Clark County, Nevada*, 575 P.2d 1332 (Nev. 1978); *City of Scottsdale v. Deem*, 27 Ariz. App. 480, 556 P.2d 328 (1976). Although violation of a competitive bidding statute may create a right to an equitable remedy or mandamus, it does not give rise to a claim for damages. *Sutter Bros. Const. Co., Inc.* v. *City of Leavenworth*, 238 Kan. 85, 708 P.2d 190 (1985). *See* 10 E. McQuillan, Municipal Corporations, § 29.86 (R. Eickhoff and M. Meier, 3d ed. 1981).

We have found no case in which it was held that a governmental body's violation of a statutory bidding requirement gave rise to an action for damages by a would-be contractor. The closest we have come is *Swinerton & Walberg Co.* v. *Inglewood-Los Angeles County Civic Center Authority*, 40 Cal. App. 3d 98, 114 Cal. Rptr. 834 (1974), in which it was held that a cause of action in promissory estoppel was stated by a disappointed bidder who claimed he had submitted the lowest bid. The recovery in that case would have been limited to expenditures made in preparation for bidding in reliance upon the promise. Here we had no promise to let the contract to the lowest bidder, so promissory estoppel is not available to Klinger as a basis of relief. *Cf., Premier Electrical Const. Co.* v. *Bd. of Education of the City of Chicago*, 70 Ill. App. 3d 866, 388 N.E.2d 1088 (1979).

In support of his argument for reversal, Klinger cites only Ark. Const. art. 2, § 13, and *Baker* v. *Armstrong*, 271 Ark. 878, 611 S.W.2d 743 (1981), for the proposition that for every legal wrong there is a remedy. While we have some of the same sympathy to which the chancellor referred, the point demonstrated by all the authority we have found is that a person in Klinger's position has suffered no legal wrong where a governmental body fails to follow a statutory competitive bidding requirement.

Affirmed.