The Honorable Bobby Tullis State Representative State Capitol Little Rock, AR 72201
Dear Representative Tullis:
This is in response to your request for an opinion regarding a city's practices in connection with the competitive bidding laws for public works contracts and the bid bond requirements of the State Purchasing law.
You state that a city requested bids on a project that exceeded $10,000.00, in accordance with A.C.A. § 22-9-203. The city rejected the bids, each of which was over $100,000.00, claiming that the bids exceeded the city's estimated cost of the project. The city then issued a series of several small contracts, all under $10,000.00, with several individuals to perform work which was encompassed in the original project advertised for bids. You state that the individuals were not licensed contractors and did not post a performance bond for a bid under the requirements of A.C.A. §§ 19-11-403 and 19-11-405.
Your specific questions with regard to the above set of facts are as follows:
 1. Can a city legally split up a contract for a large project which was originally advertised for bids into several smaller contracts and then bypass the competitive-bid dollar limits of Arkansas Code § 22-9-203?
 2. If the answer to Questions 1 is `no' is there a legal remedy or a penalty to make cities or municipal officials comply with the requirements of the law?
 3. If a city seeks price quotations on a small construction project (under $10,000) from several persons, does the requirement to post a performance bond for "bids" under Arkansas Code §§ 19-11-403 and 19-11-405 apply to those small construction contracts?
With regard to your first question, although our research has not disclosed any Arkansas case in which this precise question is addressed, courts in other jurisdictions have generally held that the answer is "no" where it is apparent that the work has been split up for the purpose of evading the competitive bidding statutes.[1] 64 Am.Jur.2d Public Works and Contracts § 42 (1972). This will involve a factual determination in each instance. A good discussion of cases in this area may be found at 53 A.L.R.2d 498 (1957). It is apparent from these cases that a court will look to the particular facts and circumstances surrounding the city's action in splitting up the contract.
Several courts have found a failure to comply with competitive bidding requirements where it was apparent that the various small contracts were part of a larger contract, the total of which was sufficient to require bids. Id. at 500. An Iowa court recently held that open competitive bidding could not be circumvented by dividing a school improvement which was in reality one project into several projects to avoid statutory requirements. ElviewConst. Co. v. North Scott Community School Dist., 373 N.W.2d 138
(1985). A bidding requirement has, on the other hand, been held inapplicable where there was evidence that each improvement had suggested itself separately to the governing body and had been separately undertaken. Brown v. Bozeman, 138 Cal. App. 133,32 P.2d 168 (1934).
It seems clear that if faced with this question, an Arkansas court will consider the city's stated reasons for splitting up the contract. The particular facts and circumstances will be determinative of whether the city can successfully maintain that each contract should be regarded as a separate transaction.
In response to your second question, the Arkansas Supreme Court has held that violation of a competitive bidding statute may give rise to an action by way of injunctive or declaratory relief or mandamus. Klinger v. City of Fayetteville, 297 Ark. 385,762 S.W.2d 388 (1988); Conway Corp. v. Contruction Eng'rs, Inc.300 Ark. 225, 782 S.W.2d 36 (1989). While the success of any challenge would, as previously noted, depend upon the specific facts, the foregoing types of relief have been recognized as a means of forcing compliance with bidding requirements. The Arkansas Supreme Court has specifically held, however, that an unsuccessful bidder may not recover lost profit damages. ConwayCorp., 300 Ark. at 235. Nor has our research disclosed any statutorily imposed penalty for noncompliance. And while we cannot predict with certainty the outcome of any tort action, (suit might, for instance, be brought for the tort of interference with a contract), it must be recognized that the tort immunity granted to municipalities extends to city officials. Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374
(1983); A.C.A. § 21-9-301. This grant of immunity may be successfully raised, depending upon the facts, in response to a tort action against the city or its officials.
Your final question involves bond requirements. It must be initially noted in responding to this question that A.C.A. § 19-11-402(b)(3) (Supp. 1987) exempts any contract let by a municipality. The court in Conway Corp., supra, thus held that §§ 19-11-403 and 404 did not apply to a municipal construction contract. 300 Ark. at 230. It may similarly be concluded that § 19-11-405 does not apply to contracts let by municipalities; § 19-11-405(a) states that "[t]he successful bidder on each contract to which this subchapter is applicable
shall provide a performance bond. . . ." (Emphasis added.)
It therefore appears, in response to your question, that §§ 19-11-403 and-405 are inapplicable in this instance.[2]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Under A.C.A. § 22-9-203 (Supp. 1989), a city must receive bids on contracts for major repairs or alterations, erection of buildings, or for other permanent improvements "where all estimated costs of the work shall exceed the sum of ten thousand dollars ($10,000). . . ."
[2] A.C.A. § 18-44-503 (Supp. 1989) should be referenced wherein it states, in pertinent part, that "[n]o contract in any sum exceeding twenty thousand dollars ($20,000) providing for the repair, alteration, or erection of any public building, public structure, or public improvement shall be entered into by . . . any municipality . . . unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract."