The Honorable Lisa Ferrell State Representative 702 N. Van Buren Street Little Rock, Arkansas 72205-3660
Dear Representative Ferrell:
This official Attorney General opinion is rendered in response to a question you have raised about the redress of contract and warranty complaints by consumers who have purchased manufactured homes. More specifically, you have asked:
 Does a consumer who has purchased a manufactured home, and who is seeking to revoke the purchase contract based on a breach of the contract or a breach of the warranty or both, have to exhaust administrative remedies or file a complaint with the Arkansas Manufactured Home Commission before filing suit in court?
It is my opinion, as explained more fully below, that the consumer must file a complaint with the Arkansas Manufactured Home Commission before filing suit in court for any warranty breach or any contract breach (or other act) that would also constitute a violation of the statutes governing manufactured homes generally (A.C.A. § 20-25-101 through -113), or that would constitute a violation of the Commission's "standards." However, it is my opinion further, as also explained more fully below, that the consumer may go directly to court to sue for any warranty or contract breach (or other act) that does not constitute a violation of the statutes governing manufactured homes or a violation of the Commission's "standards."
Violations of the Statutes or the Commission's "Standards"
It is my opinion that complaints based upon theories of breach of warranty or breach of contract, (or other acts), in which the alleged breach or act would constitute a violation of the statutes governing manufactured homes generally or would constitute a violation of the Commission's "standards" must be presented first to the Commission.
The Arkansas Manufactured Home Commission is given explicit jurisdiction over matters that constitute a violation of the statutes that govern manufactured homes generally, or that constitute a violation of the Commission's "standards." This jurisdiction is derived from the following statutes:
20-25-106. Arkansas Manufactured Home Commission — Powers and duties.
 (c)(1) The commission or subcommittee of the commission shall convene hearings and issue orders in cases of violations of this chapter or of the code [i.e., the "standards" adopted by the Commission, see
definition of "code" stated in A.C.A. § 20-25-101(2)].[1]
A.C.A. § 20-25-106(c)(1) (emphasis added).
20-25-104. Penalties.
(a) It shall be deemed a violation of this chapter:
* * *
 (2) For any person to interfere with, obstruct, or hinder any authorized representative of the director in performance of his duty. In seeking to determine whether a manufacturer or dealer has violated the provisions of this chapter, the director shall have full authority to convene hearings and issue orders pursuant to the provisions of the Arkansas Administrative Procedure Act, 25-15-201 et seq., which is incorporated by reference.
A.C.A. § 20-25-104(a)(2) (emphasis added).
The Commission's jurisdiction over matters that constitute violations of its "standards" is also derived from the Manufactured Home Recovery Act (A.C.A. § 20-29-101 et seq. Under that Act, a fund is created for the purpose of paying consumer damages that arise out of violations of the Manufactured Home Commission's "standards." The Act states: "All consumer, licensee, installer, dealer, or manufacturer complaints shall be filed with the commission." A.C.A. § 20-29-105. I interpret this directive to be limited to complaints that based upon violations of the Commission's "standards." This interpretation is based upon the further language of A.C.A. § 20-29-105, which directs the Commission, upon the filing of a complaint under the Act, to determine whether any of its "standards" has been violated. My conclusion regarding this matter is further bolstered by the fact that payment from the fund can be made only upon a finding by the Commission that one of its "standards" has been violated. See A.C.A. § 20-29-106.
The Act does not define the term "standards," as used therein, nor have the Arkansas courts interpreted the term. I am not authorized to supply a definition. See Ops. Att'y Gen. Nos. 97-268; 96-330; 96-142. However, I will note that the term appears to contemplate requirements that have been adopted by the Commission the violation of which can be corrected by repair to the manufactured home. That is, the language of the Act appears to indicate that in order to constitute a Commission "standard," within the meaning of the Act, the matter: (1) must have been affirmatively addressed by a rule or regulation adopted by the Commission; and (2) it must be one that deals with items on manufactured homes that can be "repaired." This conclusion is based upon the language of A.C.A. §20-29-105, in which these two prongs appear.
That statute states in pertinent part:
 The commission shall determine, by hearing or whatever procedure it establishes, if any standard adopted by the commission has been violated and, if so, the actual cost of repairs to the manufactured home, if any, suffered by the aggrieved party or parties.
A.C.A. § 20-29-105(a) (emphasis added).
The statute also states: "The amount of damages awarded by the commission shall be limited to the actual cost of repairs to the manufacturedhome. . . ." Id. (emphasis added).
The foregoing language in the Act indicates that a Commission "standard" is something that has been adopted by the Commission, and that deals with items on manufactured homes that can be repaired.
Therefore, if a complaint for breach of warranty or for breach of contract arises out of an act that violates a rule or regulation that has been adopted by the Commission and that can be corrected through repair to the manufactured home, I conclude that the act complained of is one that would constitute a violation of a Commission "standard," within the meaning of that term as discussed above. Such a complaint will be governed by the Manufactured Home Recovery Act and must be brought first to the Commission.
The Arkansas Supreme Court has held many times that where an administrative procedure for seeking redress is provided by law, that procedure must be exhausted before resort to the courts may be pursued.See, e.g., Regional Care Facilities, Inc. v. Rose Care, Inc.,322 Ark. 780, 912 S.W.2d 406 (1995); Hankins v. McElroy, 313 Ark. 394,855 S.W.2d 310 (1993); Delta School Of Commerce, Inc. v. Harris,310 Ark. 611, 839 S.W.2d 203 (1992); Arkansas Motor Vehicle Comm'nv. Cantrell Marine, 305 Ark. 449, 808 S.W.2d 765
(1991).[2]
Because the sources of law discussed above (i.e., A.C.A. § 20-25-106 and -104, and A.C.A. § 20-19-101 et seq.) do provide an administrative procedure for seeking a remedy for acts that would constitute violations of the statutes that govern manufactured home generally or that would constitute violations of the Commission's "standards," I must conclude that under the exhaustion doctrine, consumers who have purchased manufactured homes who seek redress of a warranty or contract breach in which the alleged breach would constitute such a violation must first complain to the Arkansas Manufactured Homes Commission.[3]
Warranty and Contract Breaches That Do Not Constitute Violationsof the Statutes or Commission "Standards"
However, it is my opinion that consumers who seek redress for warranty and contract breaches that would not constitute violations of the statutes governing manufactured homes generally or violations of Commission "standards" can go directly to court and need not complain first to the Commission.
It is my opinion that the Commission's jurisdiction to hear complaints is limited to those matters discussed above, i.e., complaints concerning acts that constitute violations of the statutes that govern manufactured homes generally and complaints concerning violations of Commission "standards." The Commission has not, in my opinion, been granted jurisdiction over disputes arising out of acts that do not constitute such violations. Because no administrative procedure or remedy exists for the redress of complaints arising out of such matters, it is my opinion that such disputes may be taken directly to court, and that the exhaustion doctrine does not apply.
Preemption
One other matter must be noted. It is possible that if a warranty is one that arises out of federal law, and that grants broader protection to the consumer than does state law, state law may be preempted, thus negating any state law exhaustion requirement. See, e.g., 42 Fed. Reg. 54,004-07 (1977); 42 Fed. Reg. 54,004-08 (1977). Whether preemption applies, of course, must be determined on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The Manufactured Home Commission's Rules and Regulations for Manufactured Homes defines the term "standards" for certain purposes as meaning the National Manufactured Housing Construction and Safety Standards. See Section I(P).
[2] It should be noted that the Arkansas courts have also recognized the exception to this general rule: Exhaustion of administrative remedies is not required in instances where it would be futile to seek such remedies, where irreparable damage would result from doing so, or where there is no genuine opportunity for adequate relief. See Milligan v.Burrow, 52 Ark. App. 20, 914 S.W.2d 763 (1996); Regional CareFacilities, Inc. v. Rose Care, Inc., 322 Ark. 780, 912 S.W.2d 406
(1995); Delta School of Commerce, Inc. v. Harris, 310 Ark. 611,839 S.W.2d 203 (1992).
[3] It should be noted that this conclusion would explicitly include complaints for breach of the warranty that is required under A.C.A. §20-25-110 to be issued with newly manufactured homes.
A.C.A. § 20-25-110 states:
20-25-110. Warranty.
 (a) Each manufactured home manufacturer in this state and manufacturers of all new manufactured homes shipped into this state for use in this state shall issue with each new manufactured home a warranty generally in use in the industry warranting the manufactured home to be free from material defects and to be manufactured in a workmanlike manner.
 (b) The warranty shall be to the buyer and shall set forth in writing the following terms:
 (1) That the manufactured home is free from any substantial defects in material and workmanship;
 (2) That the manufacturer shall take appropriate corrective action at the site of the manufactured home in instances of substantial defects in materials or workmanship which become evident after the date of delivery of the manufactured home to the buyer, provided the buyer or his transferee gives written notice of the defects to the manufacturer at the manufacturer's business address. The manufacturer shall take such action as deemed necessary by the commission under the code.
 (c) The warranty shall be in addition to, and not in derogation of, all other rights and privileges which the buyer may have under any other law or instrument. The manufacturer shall not require the buyer to waive his rights under this chapter, and any waiver shall be deemed contrary to public policy and shall be unenforceable and void.
A.C.A. § 20-25-110 (emphasis added).
 Under the provisions of A.C.A. § 20-25-110, the breach of a warranty issued by a manufacturer with a newly manufactured home would constitute a violation of the statutes governing manufactured homes, and would thus, under the provisions of A.C.A. § 20-25-106 and -104, be subject to the Commission's jurisdiction.