WALDRON NURSING CENTER, INC. *v.*
ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Office of Long Term Care

CA 02-946                                          105 S.W.3d 781

Court of Appeals of Arkansas
Division II
Opinion delivered May 21, 2003

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Debby Thetford Nye, Marsha Talley Ballard*, and *Amy Jackson Dunn*, for appellant.

*David S. Long*, for appellee.

TERRY CRABTREE, Judge. The appellant in this case brings this appeal from the circuit court's order finding substantial evidence to support a hearing officer's recommended findings of fact and conclusions of law. Because the record contains no final agency decision for us to review, we dismiss the appeal.

Appellant, Waldron Nursing Center, Inc., is located in Waldron, Arkansas, and is a Medicaid-certified, long-term care facility that is licensed by appellee, the Arkansas Department of Human Services. On October 6, 2000, a surveyor from the department's Office of Long Term Care conducted an inspection of appellant's facility after receiving complaints following the death of a resident. As a result of the inspection, a Statement of Deficiencies was issued in which it was found that appellant had violated a number of regulations. The department then sanctioned appellant by

imposing a civil money penalty in the amount of $4,000, by denying Medicaid payments for new admissions to the facility from October 18, 2000, through October 20, 2000, and by terminating the facility's nurse-aid training program. Appellant contested these sanctions by sending a request for a hearing to the Director of the Department of Human Services. The Director then appointed a hearing officer to conduct a hearing.

On March 12, 2001, the hearing officer issued a "Recommended Decision," which contained findings of fact and conclusions of law that upheld both the determination that appellant was not in compliance with certain regulations, and the civil money penalty of $4,000. The hearing officer forwarded her recommendation to the Director of the Department of Human Services.

On May 11, 2001, appellant filed a petition for judicial review in the Pulaski County Circuit Court. The circuit court, after hearing the parties' arguments and receiving briefs, entered an order finding that there was substantial evidence to support the hearing officer's recommended decision. This appeal followed.

█ It is well settled that this court's review is limited in scope and is directed not to the decision of the circuit court but to the decision of the administrative agency. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). Conspicuously absent from the record, however, is any final decision made by the agency for us to review.

In its petition for judicial review filed in circuit court, appellant referenced Ark. Code Ann. § 20-10-303 (Supp. 2001) as setting out the governing procedure. That statute provides in pertinent part that:

> (a) The Long-Term Care Facility Advisory Board created in § 20-10-301 shall have the power to hear all appeals by licensed long-term care facilities, long-term care administrators, or other parties regulated by the Office of Long-Term Care with regard to *licensure and certification.*
>
> (b)(1) Any long-term care facility or party regulated by the Office seeking a hearing before the board shall submit a request in writing to the *chairman of the board.* The written request, until denied by the chairman, shall stay the action of the appeal pending the hearing and final decision.

(2) Upon receiving a written request for a hearing from any party regulated by the office, the chairman shall place the request on the agenda to be considered in a hearing at the next or called meeting of the board and may assign the appeal to an impartial hearing officer who shall not be a full-time employee of the Department of Human Services.

(3)(d) The hearing officer may preside over the appeal, which shall be conducted in accordance with the Arkansas Administrative Procedure Act, § 25-15-201 et seq., and make specific findings of fact and conclusions of law in the form of recommendations to the board.

(f)(1) All decisions rendered by the Board shall be submitted to the *Deputy Director of the Division of Medical Services of the Department of Human Services*, subject to his review and final determination. The deputy director may, for good cause, approve, reject, or remand the decision to the board for further proceedings.

(g) The deputy director must act on a decision of the board within thirty (30) days of its decision or else the decision of the board shall be final.

In its petition for judicial review, appellant stated that it was "unclear" when the time for filing an appeal to circuit court had run because the hearing officer had transmitted her recommended decision directly to the Director of the Department of Human Services rather than to the board, thereby bypassing the step in which the board makes and submits its decision to the deputy director. Appellant then stated that "[i]n the event that the time for filing an appeal to this Court began to run when the thirty (30) days expired for the Deputy Director to act on the Board's decision, the Petitioner is timely filing this appeal within thirty (30) days from the date that the recommended decision may have become final by virtue of Ark. Code Ann. § 20-10-303."

In its response to the petition for judicial review, appellee stated that appellant's reliance on the procedures outlined in Ark. Code Ann. § 20-10-303 was misplaced because appellant had appealed the civil monetary penalty, but not the deficiency findings, as reflected by appellant's initial request for a hearing made to the Director of the Department of Human Services, as opposed to sending the request to the Chairman of the Long-Term Care Facility Advisory Board. Appellee, nevertheless, agreed that appellant's appeal to circuit court was timely.

■ Although appellee did not cite the statute governing appeals of civil monetary penalties, undoubtedly it was referring to Arkansas Code Annotated section 20-10-208(a)(1) (Repl. 2000), which provides as follows:

> A licensee may contest an *assessment of a civil penalty* by sending a written request for hearing to the *Director of the Department of Human Services*. The director shall designate a hearing examiner who shall preside over the case and make findings of fact and conclusions of law in the form of a recommendation *to the director*, who shall then review the case and make the final determination or remand the case to the hearing examiner for further findings of law or fact.

We need not decide whether the provisions of either § 20-10-303 or § 20-10-208 apply in this case because neither procedure was fully utilized. With regard to § 20-10-303, the hearing officer's recommended findings were never forwarded to the board. Consequently, the board was not called upon to render any decision with regard to the hearing officer's recommendation. Obviously, since the board did not render a decision, there was no decision to be submitted to the deputy director; therefore, the deputy director's failure to act could not possibly result in a final decision pursuant to § 20-10-303(g). As for § 20-10-208, the hearing officer's recommendation was submitted to the Director; however, there is nothing in the record to indicate that the Director made any final determination with respect to the hearing officer's recommendation. Unlike § 20-10-303, § 20-10-208 contains no provision for a decision to become final due to inaction. As a consequence of non-compliance with either statute, no final agency decision has been made in this case, or the record does not reflect that one has been made.

■ The rule is well-established that a litigant must exhaust his administrative remedies before instituting litigation to challenge the action of the administrative agency. *Ark. Motor Vehicle Comm'n v. Cantrell Marine*, 305 Ark. 449, 808 S.W.2d 765 (1991). It has repeatedly been held that the failure to exhaust administrative remedies is grounds for dismissal. *Romine v. Dep't of Environmental Quality*, 342 Ark. 380, 40 S.W.3d 731 (2000). Subject-matter jurisdiction is a defense that cannot be waived by the parties at any time, nor can it be conferred by the parties' consent. *Douglas v. City of Cabot,* 347 Ark. 1, 59 Ark. App. 430 (2001). In this case, appellant sought judicial review before a final agency decision was made.

Accordingly, the circuit court never acquired jurisdiction. *Milligan v. Burrow*, 52 Ark. App. 20, 914 S.W.2d 763 (1996). We dismiss the appeal. *See Douglas v. City of Cabot, supra*.

Dismissed.

GRIFFEN and VAUGHT, JJ., agree.