JOHN DAN KEMP, Chief Justice |,Appellant Sam Perroni appeals an order of the Pulaski County Circuit Court granting a motion to dismiss filed by ap-pellees David Sachar, Executive Director of the Arkansas Judicial Discipline and Disability Commission, and the Arkansas Judicial Discipline and Disability Commission (collectively the “Commission”). For reversal, Perroni argues that the circuit court should have retained subject-matter jurisdiction, that he had standing, and that the facts in the complaint should have been taken as true. We dismiss Perroni’s appeal for lack of subject-matter jurisdiction. I. Facts On January 10, 2011, Perroni filed a complaint with the Commission and its former executive director, David Stewart, against Circuit Judge Tim Fox. In his complaint, Perroni alleged that Judge Fox violated numerous provisions of the Arkansas Code of Judicial Conduct by (1) distributing partisan, political advertisements against an associate justice in | ghis race for the supreme court, (2) causing false docket information to be recorded on his court docket, (3) misrepresenting his availability for a hearing, (4) having an extramarital affair with his former law clerk, and (5) failing to recuse or disclose the relationship when his former law clerk or members of her law firm appeared before him. A three-member panel of the Commission investigated Perroni’s judicial complaint against Judge Fox. On July 7, 2011, Perro-ni received a copy of a letter written by Stewart to Judge Fox stating that the Commission’s investigation panel had reviewed and dismissed Perroni’s complaint. On October 31, 2011, Perroni filed a lawsuit against the Commission pursuant to the Arkansas Freedom of Information Act, seeking the identities of the members of the Commission’s panel that had investigated his judicial complaint against Judge Fox, The circuit court ordered the Commission to disclose the identities of the members of the investigative panel, and the executive director complied with the circuit court’s order. On December 9, 2013, Perroni filed a second complaint with the Commission, alleging that Judge Fox intentionally violated campaign-finance laws, the Arkansas Freedom of Information Act, and a Pulaski County Circuit Court case-assignment plan. Perroni also alleged that Judge Fox abused the prestige of his office to advance his personal interests, attempted to cover up a conflict of interest concerning his former law clerk, and acted in a manner that eroded public confidence in the integrity and impartiality of the judiciary. The Commission found no probable cause on the complaint filed against Judge Fox, and as a result, the Commission did not file formal charges against him. The Commission dismissed Perroni’s second judicial complaint. Perroni later requested disclosure of the identities of |sthe members of the investigative panel that dismissed his second judicial complaint against Judge Fox. The executive director disclosed the names of those members. Perroni then filed an original complaint, an amended complaint, and a second amended complaint against the Commission for declaratory judgment, injunctive relief,- and mandamus in Pulaski County Gircuit Court. In his second amended complaint, Perroni requested that the circuit court declare Arkansas Code Annotated section 16-10-404 (Repl. 2010 & Supp. 2015) unconstitutional and void; that Rules 8(C), (D), and (E) of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission concerning investigation panels exceeded the authority of the Supreme Court of Arkansas and the Commission, pursuant to Amendment 66(f) of the Arkansas Constitution; that the Commission’s standard of “sufficient cause to proceed” with an investigation was unconstitutionally vague; and that the acts of the Commission’s alternate-member investigation panel constituted a nullity. Perroni also requested the circuit court to issue a mandatory injunction and a writ of mandamus directing the Commission to investigate his complaints against Judge Fox as it had in similar cases naming other Arkansas judges. The Commission moved to dismiss Per-roni’s second amended complaint, arguing that the circuit court lacked jurisdiction to review the Commission’s decision because original jurisdiction lies with the supreme court; that the complaint failed to state a claim; that Perroni lacked standing; that the issue presented by Perroni was not ripe for judicial determination; that Perro-ni’s complaint was barred by the doctrine of res judicata; that section 16-10-405 was constitutional as a matter of law; and that a writ of mandamus should not lie. |4On January 27, 2016, the circuit court entered an 'order granting the 'Commission’s motion -to dismiss for lack of subject-matter jurisdiction. The circuit court ruled that this court has no ability to grant the relief sought as the fundamental issue is that of jurisdiction.... There is no statutory scheme that provides for a review of the Commission’s decisions by a circuit court.... [T]his court has determined that it does not have jurisdiction to decide this case. From this order, Perroni timely filed his notice of appeal. II. Subject-matter Jurisdiction On appeal, Perroni argues that the circuit court erred in dismissing Perroni’s second amended complaint. Specifically, he contends that the circuit court had subject-matter jurisdiction, that he had standing to file suit, and that the facts stated in the complaint must be viewed by this court as true. The Commission responds that the circuit. court lacked, jurisdiction because original jurisdiction to review actions of the Commission lies exclusively with the supreme court. The key issue is whether the circuit court had subject-matter jurisdiction over Perroni’s claims. Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. Allen v. Cir. Ct. of Pulaski Cty., 2009 Ark. 167, 303 S.W.3d 70. It is well settled that subject-matter jurisdiction is a court’s authority to hear and decide a particular type of case. Edwards v. Edwards, 2009 Ark. 580, 357 S.W.3d 445. A court obtains subject-matter jurisdiction under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. Id. An Arkansas court lacks subject-matter jurisdiction if it cannot hear a matter “under any circumstances” and is “wholly incompetent to grant the relief sought.” Id. at 4, 357 S.W.3d at 448 (quoting J.W. Reynolds Lumber Co. v. Smackover State Bank, 310 Ark. 342, 352-53, 836 S.W.2d 853, 858 (1992)). We determine whether a court has subject-matter jurisdiction based on the pleadings. Union Pac. R.R. Co. v. State ex rel. Faulkner Cty., 316 Ark. 609, 873 S.W.2d 805 (1994). Circuit courts have original jurisdiction of “all justiciable matters not otherwise assigned pursuant to” the constitution. Ark. Const. amend. 80 § 6(A); Edwards v. Nelson, 372 Ark. 300, 275 S.W.3d 158 (2008). Perroni filed a declaratory-judgment action in circuit court. Under our Uniform Declaratory Judgments Act, “[c]ourts of record within then- respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.” Ark. Code Ann. § 16-111-101 (Repl. 2016). The Act itself does not confer subject-matter jurisdiction; thus, there must be an independent basis for the court’s jurisdiction before it may render a declaratory judgment. Bryant v. Picado, 338 Ark. 227, 996 S.W.2d 17 (1999). The subject of the case at bar involves a judicial-discipline matter between the Commission and Judge Fox. Judicial discipline and procedures defining that process are sui generis and unlike a typical administrative action that first must be reviewed in circuit court. See, e.g., Griffen v. Ark. Jud. Discipline & Disability Comm’n, 368 Ark. 557, 247 S.W.3d 816 (2007). The supreme court is authorized to review judicial-discipline matters filed with the Commission, pursuant to Arkansas Constitution amendment 66, in accordance with Arkansas Code Annotated sections 16-10-401 through 16-10-411 (Repl. 2010 & Supp. 2015), and Rules 1 through 15 of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission. | rUere, the circuit court determined that it lacked subject-matter jurisdiction to hear an appeal from the Commission. Pursuant to amendment 66 of the Arkansas Constitution, as well as sections 16-10-401 through 16-10-411 and the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission, a review of the Commission’s decision lies exclusively with the supreme court. Notably, the judge—not the complainant—may appeal the findings of the Commission, see Ark. Jud. Discipline & Disability Comm’n R. 12(C), and a review of the Commission’s action on a complaint, or failure to act, is reserved for this court on a petition for writ of certiorari. See Ark. Jud. Discipline & Disability Comm’n R. 12(H). Thus, we hold that the circuit court properly dismissed Perroni’s complaint for lack of subject-matter jurisdiction. When a circuit court is without subject-matter jurisdiction, this court likewise is without jurisdiction to hear the appeal. Brock v. Townsell, 2009 Ark. 224, 309 S.W.3d 179. Accordingly, we dismiss Perroni’s appeal for lack of subject-matter jurisdiction. Because we dismiss the appeal, we decline to address the remaining arguments on appeal. Appeal dismissed. Special Justice Kandice Bell joins in this opinion. Special Justice Lauren Heil joins in this opinion. Goodson, J., concurs in part; dissents in part. Hart, J., dissents. Baker and Wood, JJ., not participating.