Cite as 2021 Ark. App. 119

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-133

| | |
|---|---|
| KEITH MAGNESS, DEREK MAGNESS, AND BRANDON MAGNESS<br><br>APPELLANTS<br><br>V.<br><br><br>JOY KAYE SIMMONS GRADDY, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF WILMA UNDERWOOD DUPREE<br><br>APPELLEE | **Opinion Delivered:** March 10, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-19-1233]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><br><br>REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Appellants Keith Magness, Derek Magness, and Brandon Magness appeal from the Pulaski County Circuit Court's order dismissing their complaint without prejudice for lack of subject-matter jurisdiction in favor of appellee Joy Kaye Simmons Graddy, individually and as executrix of the estate of Wilma Underwood Dupree. On appeal, appellants argue that the circuit court erred in dismissing their complaint for lack of subject-matter jurisdiction. We agree and reverse and remand for further proceedings.

I. *Relevant Facts*

Mancil E. Dupree and Wilma Underwood Dupree were married, and each brought a child into the marriage. Mancil had a daughter, Carolyn Sue Magness, and Wilma had a daughter, Joy Kay Simmons Graddy (appellee or Graddy). In 1970, Mancil and Wilma created the Mancil and Wilma Dupree Trust Agreement (the trust) and conveyed several

tracts of property to the trust. The trust became irrevocable after the death of either settlor, Mancil or Wilma. Mancil died in 1998, and Wilma became the surviving settlor. The trust provided that at the death of the surviving settlor, the trust shall terminate and the principal and income was to be distributed in equal parts to Mancil's daughter, Carolyn Sue Magness, per stirpes, and Wilma's daughter, Graddy, per stirpes. Carolyn Sue Magness died in 2001 and was survived by her children Keith Magness, Derek Magness, and Brandon Magness (the appellants herein). Wilma died four years later on September 4, 2015. Appellants alleged that they were entitled to their mother's share of the trust's principal and income per stirpes after Wilma's death per the terms of the trust. Appellants alleged that appellee filed a petition to probate Wilma's estate on October 22, 2015, and served as the executrix of the estate. Appellants were not provided notice of the probate proceedings. Appellants alleged that while appellee was serving as executrix, she improperly included their share of the trust property as property of Wilma's estate and conveyed it to herself. Additionally, appellants alleged that appellee improperly included the proceeds of a certificate of deposit with an approximate value of $157,000 as part of Wilma's estate property in the final accounting, which appellants argued was actually Mancil's personal property and should have passed to appellants as Mancil's heirs. Appellants further alleged that on March 3, 2017, the probate court filed an order approving the final accounting and ordered that all property, both real and personal, was to be distributed to appellee. Thus, appellants filed their complaint for conversion on the part of appellee and the estate and for improper distribution of property, and they requested that a constructive trust be imposed.

2

Appellee filed a motion to dismiss appellants' complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(6) on March 25, 2019. She argued that appellants' claims were barred by the statute of limitations, were barred by Arkansas Code Annotated section 28-40-113(b)(2)(D) (Repl. 2012), and were an improper collateral attack of the order in probate case No. 60PR-15-1969. Appellee alleged the following dates from the probate case were relevant to this case:

(1) Wilma Dupree died on September 4, 2015; (2) Wilma Dupree's final will and testament was admitted to probate on October 30, 2015; (3) Notice of probate and appointment of personal representative was published on November 4, 2015, and November 11, 2015; (4) The Estate of Wilma Underwood Dupree was distributed and closed on March 3, 2017; and (5) Defendant acknowledged receipt of distribution on March 22, 2017.

Appellee more specifically argued the following in her motion to dismiss:

7. Now, over three years since Wilma Dupree's death and the admission of her will to probate, Plaintiffs [appellants] seek to enforce the terms of the trust and also to recover funds from a Bank of America N.A. Certificate of Deposit that was not included in the trust.

8. Plaintiffs' claims are barred by Ark. Code Ann. § 28-40-113(b)(2)(D), which provides that, even when there is no notice, a person's "grounds for objection [to a will] must be filed within three (3) years after the admission of the will to probate." Wilma Dupree's last will and testament was admitted to probate October 30, 2015, and thereafter notice was published. More than three years have passed between the admission to probate and filing of Plaintiffs' Complaint.

9. Now, over three years have passed, and Plaintiffs' claims are barred. Any judgment by this Court in favor of Plaintiffs would be a collateral attack on the Probate Court's distribution ordered in 60PR-15-1969 and would be improper.

Appellants filed a response to the motion on April 4, 2019, explaining that because they were not contesting Wilma's will, appellee's assertion that their complaint was untimely and an impermissible collateral attack pursuant to Arkansas Code Annotated section 28-40-113(b)(2)(D) was in error and inapplicable. Instead, appellants argued that they were

3

questioning appellee's acts of selling and transferring assets through the estate that should not have been distributed under the will in the first place. Appellants alleged that their complaint was proper under Arkansas Code Annotated section 28-53-110 (Repl. 2012). They further alleged that their complaint was timely because Wilma's estate was distributed and closed on March 3, 2017, according to the estate documents, and their complaint was filed on March 1, 2019, within the time prescribed by section 28-53-110. Appellants additionally argued that a judgment in their favor would not constitute a collateral attack on the probate court's orders because the dispute between appellants and appellee was outside the scope of the probate court's jurisdiction. They explained that conversion and improper distribution under section 28-53-110 were tort actions that the probate court lacked jurisdiction to resolve.

Appellee filed a reply wherein she disagreed that section 28-53-110 was applicable and further claimed that, even if applicable, appellants' claims were untimely. Appellee alleged that the two-year statute of limitations referenced in section 28-53-110 commenced on the date of the executrix's deed and not on the date of the order of final distribution and that the appellants' complaint was, therefore, untimely. Moreover, appellee argued that section 28-53-110 states that the probate court has proper jurisdiction—not the circuit court. Citing Arkansas Code Annotated section 28-53-105 (Repl. 2012), appellee further argued that the order of final distribution was a final adjudication of the matter and served as a bar to any subsequent attacks of the probate court's order. She contended that the probate court has exclusive jurisdiction to review its own orders, and the probate court has full jurisdiction to hear all matters previously cognizable by circuit, chancery, probate, and

4

juvenile court after the passage of amendment 80 to the Arkansas Constitution. In summary, appellee argued that the circuit court lacked jurisdiction, appellants' claims were barred by the statute of limitations, and appellants' complaint should be dismissed.

A hearing on the motion to dismiss was held on August 2, 2019. Although the parties presented their arguments as set out in the pleadings, much of the oral argument centered on another option proposed and contemplated by the circuit court. The circuit court proposed that it transfer the case back to the probate division. The circuit court inquired whether the parties would be "prejudiced" if it transferred the case rather than reaching the merits of the parties' arguments regarding jurisdiction and the statute of limitations. It specifically noted that by doing so, an appeal from a decision would have "a more complete record" than if it had been decided by the circuit court. Appellants' counsel stated that although appellants would not be prejudiced by the transfer, appellants did not think a transfer was necessary because section 28-53-110 expressly states that a party can challenge a distribution in the probate division *or in any other court of proper jurisdiction*. Therefore, appellants requested that the motion to dismiss be denied. At the conclusion of the hearing, the circuit court orally ruled that it would not rule on the motion to dismiss but would transfer the case to the probate division. In explaining its reasons for doing so, the circuit court stated the following:

> So I'm not sure how either side is going to be harmed and if there is an appeal from whatever decision Judge Moore [the circuit court judge assigned at the time to the probate division] were to make, the record would be more complete before Judge Moore than it would likely to be if this Court would do it because if this Court took the matter up and there was a question about whether this Court had jurisdiction, that could give rise to an interlocutory appeal, could it not?

5

I mean that would raise the issue of the possibility of interlocutory appeal and further delay. I'm trying to save the lawyers and your clients that situation. It's not that I don't want to work, okay? I don't want you thinking I'm lazy.

It's just that I would rather have you decide the case -- have the case decided by a judge that both sides concede, whether you agree with that decision or not, would have jurisdiction given this is an issue of improper distribution. If both contends this is an issue of improper distribution and whether or not there's an improper distribution, a matter in an estate is plainly something that's governed by this probate code. *It's plainly a 28-53-110 question.* . . . I am going to transfer this case.

(Emphasis added.)

On August 7, 2019, the circuit court filed an order to transfer the action to the Fifteenth Division, the division of the circuit court that probated Wilma's estate (hereafter referred to as the "probate division"). The circuit court explained that the "action involves allegations of improper distribution in an estate and application of the statute of limitations." It further stated that "in the interest of justice and judicial economy," it was ordering that the "action be transferred to the Probate Division for adjudication pursuant to Arkansas Rule of Civil Procedure 18(b)(2)." However, the probate division subsequently declined to accept the transfer, stating that it did not hear civil cases. Thereafter, counsel for appellee requested that the circuit court dismiss the action without prejudice for lack of subject-matter jurisdiction. On November 26, 2019, the circuit court filed an order dismissing appellants' complaint without prejudice stating that appellants' complaint sought relief "for improper distribution, among other claims" and that it did "not have subject-matter jurisdiction over this controversy." This appeal followed.[1]

---

[1]Appellants allege we have jurisdiction to hear this appeal despite the fact that the circuit court's order dismissed their complaint *without prejudice.* We agree. Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure–Civil provides that "[a]n appeal may be taken

6

## II. *Standard of Review*

The issue presented on appeal is one of statutory interpretation. This court's rules regarding statutory construction are clear and well established. We review issues of statutory interpretation de novo and are not bound by the circuit court's determination. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. However, we will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the

from a circuit court to the Arkansas Supreme Court from . . . [a]n order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." Our supreme court has "interpreted this portion of Rule 2 to mean that, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. The order must be of such a nature as to not only decide the rights of the parties, but to put the court's directive into execution, ending the litigation or a separable part of it." *Doe v. Union Pac. R.R. Co.*, 323 Ark. 237, 240, 914 S.W.2d 312, 314 (1996). Here, the circuit court's order did just that. The probate division refused to accept the transfer, and the circuit court concluded it did not have subject-matter jurisdiction, leaving appellants with no remaining avenue to obtain relief. Because the order being appealed in this case concluded the parties' rights to the subject matter at issue, we have jurisdiction to hear the appeal. *See Stow v. Montgomery*, 2020 Ark. App. 310, 601 S.W.3d 146.

rules of statutory interpretation. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009). It is axiomatic that this court strives to reconcile statutory provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Ark. Dep't of Corr. v. Shults*, 2018 Ark. 94, 541 S.W.3d 410. Furthermore, we will not read into a statute language that was not included by the legislature. *Id.*

### III. *Subject-Matter Jurisdiction*

The key issue is whether the circuit court had subject-matter jurisdiction over appellants' claims that the appellee improperly distributed property in the administration of Wilma's estate. Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Perroni v. Sachar*, 2017 Ark. 59, 513 S.W.3d 239. It is well settled that subject-matter jurisdiction is a court's authority to hear and decide a particular type of case. *Id.* A court obtains subject-matter jurisdiction under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.* An Arkansas court lacks subject-matter jurisdiction if it cannot hear a matter "under any circumstances" and is "wholly incompetent to grant the relief sought." *J.W. Reynolds Lumber Co. v. Smackover State Bank*, 310 Ark. 342, 352–53, 836 S.W.2d 853, 858 (1992). Our determination of whether a court has subject-matter jurisdiction is based on the pleadings. *Perroni, supra.*

Appellants argue on appeal that the circuit court erred in dismissing their complaint for lack of subject-matter jurisdiction. They specifically argue that their claims arise from the improper distribution of their property during Wilma's probate proceedings and that the circuit court has subject-matter jurisdiction under the facts of this case pursuant to

8

Arkansas Code Annotated section 28-53-110. Appellee argues that, despite the language in section 28-53-110, only the probate division had subject-matter jurisdiction to adjudicate claims arising from an improper distribution; therefore, appellee argues dismissal for lack of subject-matter jurisdiction was proper.[2] While we acknowledge that the circuit court attempted to transfer the case to the probate division for reasons of judicial economy, when the probate division declined the transfer, the circuit court erred in dismissing the complaint for lack of subject-matter jurisdiction.

Arkansas Code Annotated section 28-53-110 provides the following:

(a) Unless the distribution or payment no longer can be questioned because of adjudication, estoppel, or limitations, a distributee of property improperly distributed or paid, or a claimant who was improperly paid, is liable to return any property improperly received, which is other than money, and its income since distribution if he or she has the property and to return an amount equal to any money improperly paid with interest at six percent (6%) per annum. If he or she does not have the property, then he or she is liable to return the value as of the date of disposition of the property improperly received and its income and gain received by him or her.

. . . .

(c) *Any suit or proceeding to recover property improperly distributed or the value thereof may be instituted in the circuit court in which administration is pending or was had, or in any other court of proper jurisdiction.*

(d) Any suit or proceeding to recover property improperly distributed or the value thereof, money improperly paid, and income or interest, as the case may be, shall be barred three (3) years after the decedent's death or two (2) years after the time of distribution or payment, whichever last occurs.

(Emphasis added.)

---

[2]Appellee alleged below in paragraph 8 of her answer and in her motion to dismiss that appellants' claims are barred by Arkansas Code Annotated section 28-40-113(b)(2)(D), which provides that even when there is no notice, a person's "grounds for objection [to a will] must be filed within three (3) years after the admission of the will to probate." Appellee has abandoned this argument on appeal.

9

Here, appellants filed their claims in circuit court to recover property arising from improper distribution in an estate alleging that the circuit court had jurisdiction pursuant to Arkansas Code Annotated section 28-53-110 in that the circuit court was an "other court of proper jurisdiction." Appellee would have us disregard the phrase "in any other court of proper jurisdiction" and hold that appellants were required to file their complaint in the probate division to the extent they were permitted to do so under the statute. The language in section 28-53-110 is clear and unambiguous, and it is unnecessary to resort to rules of statutory interpretation. The subject matter of the courts for improper distribution of property in the administration of an estate is clearly set forth in subsection (c) of section 28-53-110 in the disjunctive by the use of the word "or." "Any suit . . . to recover property improperly distributed . . . may be instituted in the circuit court in which administration is pending or was had, *or* in any other court of proper jurisdiction." Ark. Code Ann. § 28-53-110(c) (emphasis added). Thus, under these facts and pursuant to the plain language of section 28-53-110(c), either division of the circuit court has subject-matter jurisdiction, and the circuit court erred in dismissing appellants' complaint for lack of subject-matter jurisdiction.

In her responsive brief on appeal, appellee apparently confuses our supreme court's explanation of the common-law rule on concurrent jurisdiction as being synonymous with subject-matter jurisdiction. However, our supreme court has specifically stated that the common-law rule is "wholly unrelated to subject-matter jurisdiction" and explained the rule as follows:

> "Where concurrent jurisdiction is vested in different tribunals, the first exercising jurisdiction rightfully acquires control to the exclusion of, and without interference

10

of, the other." *Patterson v. Isom*, 338 Ark. 234, 239, 992 S.W.2d 792, 796 (1999) (quoting *Tortorich v. Tortorich*, 324 Ark. 128, 131, 919 S.W.2d 213, 214 (1996)). "[W]hen a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no coordinate authority is at liberty to interfere with its action." *Askew v. Murdock*, 225 Ark. 68, 71–72, 279 S.W.2d 557, 560 (1955) (quoting 14 Am. Jur. *Courts* § 243 (1938)).

*Foster v. Hill*, 372 Ark. 263, 266, 275 S.W.3d 151, 154 (2008). Therefore, even if we were to apply this rule under the facts of this case, it is undisputed that the probate division of the circuit court had completed the probate proceedings and closed the estate. And further, the probate division refused to accept jurisdiction of appellants' complaint when the circuit court filed an order to transfer the case to the probate division.

In conclusion, we must reverse and remand the circuit court's order dismissing appellants' complaint for lack of subject-matter jurisdiction for further proceedings consistent with this opinion.[3 & 4]

Reversed and remanded.

GLADWIN and VAUGHT, JJ., agree.

*Rose Law Firm*, by: *David S. Mitchell, Jr.*, and *Bourgon B. Reynolds*, for appellants.

*McDaniel, Wolff & Benca, PLLC*, by: *Bart W. Calhoun* and *Scott Richardson*, for appellee.

---

[3]Appellee alternatively requests us to affirm on the merits of the arguments she raised in her motion to dismiss filed on March 25, 2019, pursuant to Arkansas Rule of Civil Procedure 12(b)(6), including her argument that the statute of limitations under section 28-53-110 barred appellants' claims. However, because the circuit court dismissed this case for lack of subject-matter jurisdiction, this issue was not ruled on by the circuit court below; therefore, we decline to consider this argument.

[4]Appellee also argues that the appellants' cause of action is an improper collateral attack of the probate court's order in probate case No. 60PR-15-1969. However, because the circuit court dismissed this case for lack of subject-matter jurisdiction, this issue was also not ruled on by the circuit court below; therefore, we decline to consider this argument.