Cite as 2025 Ark. App. 79

# ARKANSAS COURT OF APPEALS
## DIVISION III
#### No. CV-23-650

| | |
|---|---|
| TOBY DOYLE<br><br>APPELLANT<br><br>V.<br><br>CITY OF BAUXITE, ARKANSAS; BILL SHRYOCK; AND MAYOR EDDIE JONES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE MAYOR OF BAUXITE, ARKANSAS<br><br>APPELLEES | Opinion Delivered February 12, 2025<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-19-1061]<br><br>HONORABLE BRENT DILLON HOUSTON, JUDGE<br><br>APPEAL DISMISSED |

## ROBERT J. GLADWIN, Judge

Appellant Toby Doyle appeals the July 10, 2023 order of the Saline County Circuit Court granting summary judgement in favor of appellees City of Bauxite, Arkansas (the "City"); Bill Shryock; and Mayor Eddie Jones, individually and in his official capacity as the mayor of Bauxite, Arkansas (collectively, "Appellees"). Doyle argues that the circuit court erred in dismissing his lawsuit for lack of subject-matter jurisdiction. Because Doyle failed to strictly comply with the requirement in Bauxite, Ark., Ordinance 6-2018(1)(K)(i) (November 19, 2018) ("Ordinance 6-2018") to appeal the administrative decision within thirty days pursuant to Arkansas Code Annotated section 27-50-1207(e)(1) (Repl. 2022), we hold that the circuit court did not err and likewise must dismiss this appeal for lack of subject-matter jurisdiction.

I. *Facts and Procedural History*

In November 2018, the Bauxite City Council passed Ordinance 6-2018 declaring that wrecked and inoperable vehicles abandoned on private property for more than seventy-two hours negatively impacted the health and safety of the community and therefore constituted a nuisance, which the city may abate if not resolved by the property owner. The city supplied an informational notice to Doyle on December 12, 2018, alerting him to the passage of the ordinance.

On June 17, 2019, the City began formal abatement proceedings by notifying Doyle that four vehicles on his property had been deemed a nuisance pursuant to Ordinance 6-2018 and that the City would remove the vehicles from his property if he failed to abate the nuisance within thirty days.

On July 19, the City informed Doyle that abatement procedures had been initiated against four vehicles on his property, that the four vehicles had not been brought into compliance, and that the City would remove the vehicles on or after July 22, 2019, to be sold at public auction pursuant to Arkansas Code Annotated sections 27-50-1207 through -1210 (Repl. 2022). Doyle neither challenged these notices nor abated the nuisance, and on or about July 26, the City removed the vehicles from Doyle's property. Once again, Doyle challenged neither the June notice nor the July removal until he filed a complaint on September 10, more than thirty days after the City had removed the vehicles.

The complaint was filed under article 2, section 15 of the Arkansas Constitution, alleging a violation of the Arkansas Civil Rights Act. Doyle argued that no judicial officer had authorized the seizure of his property. Doyle's suit specifically alleged that Shryock, in his capacity as a code-enforcement officer, among other city defendants, had violated Doyle's right to procedural due process and his right to be free from unreasonable searches and seizures pursuant to article 2, section 15 of the Arkansas Constitution. Doyle also argued that the circuit court should declare Ordinance 6-2018 unconstitutional and enter a permanent injunction prohibiting the City from enforcing it. Finally, Doyle alleged that Mayor Jones's decision to enforce the ordinance was wanton and willful disregard for the Arkansas Constitution.

On May 31, 2023, Appellees moved for summary judgment, asserting they were entitled to summary judgment because Doyle had failed to exhaust his administrative remedies since he did not timely appeal Shryock's decision that the vehicles on Doyle's property constituted a nuisance under Ordinance 6-2018. Appellees noted that Doyle had been given notice that he was not in compliance with Ordinance 6-2018 and given thirty days to comply. Appellees also asserted that Doyle's claim pursuant to article 2, section 15 must fail because the removal of the vehicles was pursuant to Ordinance 6-2018. Appellees asserted that Mayor Jones, in his individual capacity, was entitled to summary judgment based on qualified immunity. Finally, they argued that claims against the City must also fail because Doyle could not show that the alleged constitutional violations were caused by an unconstitutional policy, practice, or custom.

In his June 20 response to Appellees' motion for summary judgement, Doyle argued that the City provided no administrative remedies for him to exhaust. He submitted first that Appellees did not submit any evidence of an administrative procedure to contest the taking and, second, that the vehicles in question were removed from private property and therefore were not covered by the provisions of the statute applicable to the towing or storage of unattended or abandoned vehicles.

The circuit court entered an order on July 10 granting Appellees' motion for summary judgment, agreeing with Appellees' argument that it lacked subject-matter jurisdiction to hear the case due to Doyle's failing to exhaust his administrative remedies, and it dismissed Doyle's claims with prejudice. The circuit court found Doyle had failed "to exhaust his administrative remedies" and that the City's ordinances—specifically subdivision 1(K)(i) of Ordinance 6-2018—informed Doyle of his right to contest the taking of his property by Appellees within thirty days as described in Arkansas Code Annotated section 27-50-1207(e)(1). Doyle timely filed a notice of appeal on July 21.

II. *Discussion*

Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Olsen v. Roper*, 2023 Ark. App. 35, at 4 (citing *Perroni v. Sachar*, 2017 Ark. 59, at 4, 513 S.W.3d 239, 242). It is a defense that cannot be waived by the parties at any time, nor can it be conferred by the parties' consent. *Waldron Nursing Ctr., Inc. v. Ark. Dep't of Hum. Servs.*, 82 Ark. App. 268, 272, 105 S.W.3d 781, 784 (2003). A court obtains subject-matter jurisdiction under the Arkansas Constitution or by

4

means of constitutionally authorized statutes or court rules. *Perroni*, 2017 Ark. 59, at 4, 513 S.W.3d at 242. A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.*

The rule is well established that a litigant must exhaust his or her administrative remedies before instituting litigation to challenge the action of the administrative agency. *Baker v. Dir.*, 2017 Ark. App. 593, at 8, 534 S.W.3d 742, 747. The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed injury until the prescribed statutory remedy has been exhausted. *Early v. Crockett*, 2019 Ark. 274, at 4, 584 S.W.3d 247, 250. In *Booth v. Churner*, 532 U.S. 731, 739, 741 (2001), the Supreme Court held that courts have no discretion in excusing exhaustion. The failure to exhaust administrative remedies is grounds for dismissal. *See, e.g.*, *Early*, 2019 Ark. 274, at 4, 584 S.W.3d at 250 (citing *Douglas v. City of Cabot*, 347 Ark. 1, 4, 59 S.W.3d 430, 431–32 (2001)). An appellate court "determine[s] whether a court has subject-matter jurisdiction based on the pleadings." *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, at 4, 403 S.W.3d 559, 561.

The record demonstrates that Doyle failed to exhaust his administrative remedies, which left the circuit court without subject-matter jurisdiction and, likewise, leaves this court without jurisdiction. *See Frankhouse v. City of Russellville*, 2023 Ark. App. 435, at 10, 678 S.W.3d 395, 401 (granting summary judgment to appellee was proper where the circuit court lacked jurisdiction due to a failure to exhaust administrative remedies). Because we dismiss

the appeal, we decline to address the remaining arguments on appeal. *See Perroni*, 2017 Ark. 59, at 6, 513 S.W.3d at 242–43.

Appeal dismissed.

ABRAMSON and THYER, JJ., agree.

*Robert A. Newcomb*, for appellant.

*Sara Monaghan*, for appellees.